3920. MAPLES (Gurly) v. THE STATE.
3921. MAPLES (Gary) v. THE STATE.
3922. CATO v. THE STATE.
3923. TABB v. THE STATE.
3924. STANTON v. THE STATE.

POTTLE, J. This court is without jurisdiction of a bill of exceptions complaining solely of the refusal of the trial judge to permit a demand for trial in a criminal case to be entered upon the minutes. *Sharpe* v. *State*, ante, 212 (73 S. E. 33). Upon motion of the plaintiffs in error, direction is given that the copy bill of exceptions in each of the foregoing cases, which has been filed in the office of the clerk of the trial court, may operate as exceptions pendente lite.

*Writs of error dismissed, with direction.*
DECIDED MARCH 19, 1912.

Motions to dismiss writ of error.

*W. I. Geer*, for plaintiffs in error.
*J. A. Lang, solicitor-general, R. R. Arnold*, contra.

---

3925. BENN v. THE STATE.

POTTLE, J. The evidence fully supports the verdict, and no error of law is complained of. *Judgment affirmed.*
DECIDED MARCH 19, 1912.

Accusation of sale of liquor; from city court of Madison—Judge Anderson. November 27, 1911.

*Percy Middlebrooks*, for plaintiff in error.
*A. G. Foster, solicitor*, contra.

---

3931. LAWRENCE v. THE STATE.

1. An indictment under § 162 of the Penal Code (1910), charging the offense of felony, in that the accused did on a certain day mark and brand the animal described in the indictment, in the manner therein set forth and "by then and there altering and changing the mark" on said animal, is not subject to demurrer, either on the ground that it sets forth two separate, distinct felonies in one count, or that it fails to describe how and in what manner the animal was marked or branded before the mark was changed, or how and in what manner the mark was changed. But one offense is charged in the indictment, to