22938.   JORDAN *et al. v.* RUSSELL, Governor.

DECIDED JANUARY 10, 1934.

*George G. Finch, William G. McRae,* for plaintiffs in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J.   On May 17, 1932, Victor M. Mann was indicted by the Fulton county grand jury for larceny from the house. The indictment bore the number "37462." On June 1, 1932, Jordan & Garner signed, as sureties for the defendant, the appearance bond. Thereafter the said indictment number 37462 was called in the superior court of Fulton county. The special demurrer filed by the defendant to this indictment alleged in ground 1 that the description of the property was too vague, uncertain, and indefinite, not mentioning any particular article, and grounds 2 to 10, inclusive, set forth every one of the items of the property alleged to have been stolen, except one, with specific allegation that the description of the named article was insufficient. The one item which the special demurrer did not mention specifically as being alleged to be insufficient was: "one English gold watch, monogram 'T. A.' on it." The order of the judge of the superior court of Fulton county with reference to this indictment was as follows: "The above demurrer to the articles mentioned therein is sustained and the articles demurred to are stricken from the indictment." Thereafter a second indictment, number "37622," charging the same offense against the same defendant, dated June 15, 1932, was found; and thereafter a third indictment, number "39933," charging the same offense against the same defendant was

returned, on September 2, 1932; and thereafter on September 28, 1932, the bond on which the respondents were security was forfeited and the court issued a rule nisi and scire facias which was served upon the sureties, returnable to the November term. The rule nisi and scire facias bore the same number as the first indictment, to wit "37462." Jordan & Garner filed an answer to the scire facias, alleging that the indictment number 37462 had been quashed by the court by the sustaining of the special demurrer to it, and that, therefore, no judgment should be awarded on the bond. Upon the issue thus made and the scire facias and answer the trial took place before a judge of the superior court of Fulton county, Georgia, without the intervention of a jury. After a hearing, Judge Howard made a finding against the defendants, and in favor of the Governor as plaintiff, for the amount of the bond, and then also signed a rule absolute against the defendants on the bond. On this judgment error is assigned in this bill of exceptions.

Referring to the case of *Lamp* v. *Smith,* 56 *Ga.* 589, we find that a supersedeas bond for the appearance of the defendant was given to take the defendant's case to the Supreme Court. The Supreme Court reversed the judgment below, pronouncing the indictment bad. The judgment of the Supreme Court was made the judgment of the superior court, and the solicitor-general nol. pros'd the indictment. The Supreme Court held that the nol. prossing of the indictment terminated the case, and that the security on the bond was discharged, and that where thereafter a new indictment for the same offense was returned by the grand jury and the defendant failed to appear to answer the new bill, and where the recognizance to take the case up on the old bill was forfeited against the defendant and his surety, it was without authority of law. The court, however, further held that if the old indictment had not been nol. pros'd, the solicitor-general could have held the surety bound to cause defendant to answer and appear, and that if the defendant did not appear, the surety would have been liable because the case upon which he was surety was pending. The solicitor-general should have called the defendant and bound him over again before he nol. pros'd the old indictment. It will be noted that the Supreme Court in the first instance reversed the judgment in this case because the indictment was *bad,* and yet said that if the solicitor-general had not nol. pros'd the first indictment he could and should have called

the recognizance of the defendant and, if the defendant appeared, taken a new recognizance; and if he did not appear, the surety could have been held liable.

The controlling point in this case is the construction and effect of the above order on the special demurrer, the said order being: "The above demurrer to the articles mentioned therein is sustained and the articles demurred to are stricken from the indictment." The contention of the plaintiff in error is that the above order was in effect a quashing of the indictment, which rendered the bond functus officio from that moment. The contention of the State is that the order did not quash the indictment—that the judge merely sought to order the striking of a portion of the stolen articles, which would not have the effect of quashing the indictment in its entirety. Unquestionably, the description of one of the articles "one English gold watch, monogram 'T. A.' on it," mentioned in the indictment (which charged a compound felony) was sufficient to withstand the demurrer. *Powell* v. *State,* 88 *Ga.* 32 (13 S. E. 829) ; *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489). And this article was not mentioned by name in the demurrer, whereas all the other articles alleged in the indictment were mentioned therein by name. This properly described article should not have been stricken from the indictment. The court is presumed to act in accordance with the law. We think the interpretation should be adopted which is in accordance with the law and not the one opposed to it. "Judgments are to have a reasonable intendment. Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective, and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered." 34 Corpus Juris, 502. We think also that great weight should be given the construction placed upon this order by the court below since it was construing its own order, provided such interpretation may be reasonably placed upon it. See, in this connection, *Brown* v. *Richards,* 114 *Ga.* 318 (40 S. E. 224) ; 42 C. J. 556, § 266.

Interpreting the record in this case as showing that the bond was called in case number "37462," and that the proceedings were had with reference to indictment number "37462," and that said indictment, although it might have been "bad," was not void, we are of the opinion that the aforesaid ruling and order did not

amount to quashing the indictment, and that the solicitor-general had the right to hold the surety bound to cause the defendant to answer and appear in case number 37462, because the case was still pending upon which the plaintiff in error was surety.

The indictment alleged the aggregate value of the property and, under the interpretation of this court of the above-mentioned ruling and order on the demurrer, the following contention by the defendant is not meritorious: "Admitting, but not conceding, the right of the State to try the defendant on the indictment either after it had been defaced, by striking all of the articles demurred to, or by submitting the demurrer and order to the jury, we respectfully contend that it would not then appear whether the offense charged were a felony or a misdemeanor. No value would have been alleged." The trial court did not commit reversible error for any of the reasons assigned in the bill of exceptions.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*