### 19772. CONNELLY v. BALKCOM, Warden.

Mobley, Justice. Paul W. Connelly brought his petition for habeas corpus, and at the hearing the following facts were adduced: Petitioner was indicted in July, 1954, in Thomas County on four indictments. Thereafter, upon the petition of the Sheriff of Thomas County, a commission was appointed by the court of ordinary to inquire into the question of petitioner's sanity. The commission returned a finding that the petitioner was not a lunatic or of unsound mind, and counsel were then appointed to represent him in connection with the charges made against him. At the next regular term of court, he was put on trial, and a special plea of insanity was filed. The jury found in favor of the plea, and he was committed to the State Hospital in Milledgeville. In May, 1955, he was discharged from the hospital and returned to Thomas County for trial. He employed counsel, entered a plea of nolo contendere to the charges against him, and, on June 1, 1955, was sentenced to from three to five years in the penitentiary. *Held:*

1. The Constitution of Georgia, article 1, section 1, paragraph 5 (Code, Ann., § 2-105) provides that "Every person charged with an offense against the laws of this State . . . shall have a public and speedy trial by an impartial jury." In aid of this constitutional guarantee, Code § 27-1901 provides in part: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial . . ."; and "If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." There is no attack made upon the constitutionality of this statute, and in the absence of a valid attack thereon, its constitutionality is presumed. *Mayes* v. *Daniel,* 186 *Ga.* 345(1), 350 (198 S. E. 535); *Abel* v. *State,* 190 *Ga.* 651, 654 (10 S. E. 2d 198). Since, even if a demand for trial is made at the term an indictment is found, an accused is not entitled to a discharge for the failure to try him until the next succeeding regular term of court has passed

without his being tried, where, as here, no demand for trial was made and the accused was tried at the next succeeding regular term of court after the term at which he was indicted, his contention that he was denied a speedy trial is clearly without merit. The fact that, at his trial in October, 1954, the petitioner was adjudged insane upon a special plea of insanity and committed to the State Hospital in Milledgeville does not constitute a violation of his right to a speedy trial. While he was insane the petitioner could not have been legally tried. Code § 27-1504; and see Massey v. Moore, 348 U. S. 105 (75 Sup. Ct. 145, 99 L. ed. 135). His contention that he was not insane and should have been tried during this time, and that, because of the failure to try him, he should be discharged, is without merit. Germany v. Hudspeth, 209 Fed. 2d 15.

2. Petitioner's contention that he was denied the right to a jury trial is not supported by the evidence. The trial court was authorized to find that, at the time petitioner was sentenced, he was represented by counsel whom he had employed and was fully advised of his right to enter a plea or to be tried by a jury; that petitioner freely and voluntarily authorized his counsel to enter a plea of nolo contendere; and that he acquiesced therein in open court when such plea was entered. See Wright v. State, 75 Ga. App. 764 (44 S. E. 2d 569); 14 Am. Jur. 954, § 275.

3. The decision of the trial court remanding the petitioner to the custody of the respondent is supported by the evidence and will not be reversed by this court. Grier v. Balkcom, 213 Ga. 133 (2) (97 S. E. 2d 151); Mathis v. Scott, 199 Ga. 743 (35 S. E. 2d 285).

*Judgment affirmed. All the Justices concur.*

Submitted July 9, 1957—Decided September 12, 1957.

Paul W. Connelly, *pro se.*

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General,* contra.