### 37069. LOCKRIDGE-ROGERS LUMBER COMPANY v. CITY OF EAST POINT.

CARLISLE, Judge. To the levy of a fi. fa. issued by the City of East Point for the collection of a sewer assessment, the defendant filed an affidavit of illegality in which it contended, among other things, that the charter of the City of East Point and the ordinance adopted pursuant thereto requiring abutting land owners to pay the cost of sewers "are violative of Article I, Section 1, Paragraph 3 of the Constitution of this State, which provides that no person shall be deprived of life, liberty or property without due process of law"; that said charter and ordinance "violates the Fourteenth Amendment of the Federal

Constitution in that said charter and said ordinance do not afford to the defendant in fi. fa. any notice of said assessment and an opportunity to be heard thereon, in contravention of the said Fourteenth Amendment of the Constitution of the United States, which provides that no person's life, liberty, or property shall be taken without due process of law"; that the defendant had never been given any notice of the intention of the city to construct the sewer and that it was not indebted to the City of East Point for the sum set forth in the execution or for any sum; that for all the reasons specified in the affidavit, the ordinance assessing its property was illegal and void and that the execution proceeding thereunder was illegal and void. The trial court overruled the affidavit of illegality and ordered that the levy proceed. The exception here is to that judgment. The charter of the City of East Point was enacted in 1912 (Ga. L. 1912, p. 862), and has since been amended at least 12 times. (Ga. L. 1937-38, Ex. Sess., pp. 1085, 1092; 1939, pp. 1018, 1039; 1943, p. 1400; 1945, p. 689; 1947, p. 1286; 1949, pp. 1633, 1926; 1950, pp. 2569, 2583; 1951, p. 3220). *Held:*

It is the duty of this court to inquire into its jurisdiction in any case in which there may be a doubt as to the existence of jurisdiction. *Cuttino* v. *Mimms*, 87 *Ga. App.* 643 (75 S. E. 2d 212); *Scott* v. *Minnix*, 95 *Ga. App.* 589, 590 (98 S. E. 2d 196). The Supreme Court of this State has held that, "In order to raise a question as to the constitutionality of a 'law', at least three things must be shown: (1) the statute or the particular part or parts of a statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violated such constitutional provision." *Flynn* v. *State*, 209 *Ga.* 519, 521 (74 S. E. 2d 461). This court in *Staub* v. *City of Baxley*, 94 *Ga. App.* 18 (93 S. E. 2d 375), following the reasoning of cases like the *Flynn* case, held that an attack on the constitutionality of a municipal ordinance must be made with similar particularity, but this case on appeal to the Supreme Court of the United States was reversed, that court holding, among other things, that a mere general attack upon the ordinance as a whole as being unconstitutional without

particularizing the section or sections deemed to be violative of the constitutional provision relied on was sufficient to draw in question the constitutionality of the ordinance under the Constitution of the United States. Staub *v*. City of Baxley, 355 U.S. 313, 78 Sup. Ct. 277, 2 L. ed. 302. The Supreme Court of Georgia is vested with exclusive jurisdiction in all cases in which the constitutionality of any law of the State of Georgia, or of the United States, is drawn in question. Applying the legal principles set forth in the ruling of the Supreme Court of the United States in the Staub case to the attack upon the constitutionality of the charter of the City of East Point in the affidavit of illegality in this case, it is our view that the allegations of the affidavit were at least sufficient to raise the question as to the constitutionality of the charter under the Fourteenth Amendment of the Federal Constitution, and thus the pleadings raise a question as to the constitutionality of a State law, and the Supreme Court and not the Court of Appeals has jurisdiction of this case. Constitution of 1945, Art. VI, Sec. II, Par. IV (Code, Ann., § 2-3704). The case is, therefore, transferred to the Supreme Court.

*Transferred to the Supreme Court. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 21, 1958.

*Guy Parker,* for plaintiff in error.
*Phillips, Johnson & Shoob, Ezra E. Phillips,* contra.