41659.   BLEVINS v. THE STATE.

HALL, Judge. The defendant appeals from the judgment of the trial court refusing to allow his demand for trial or order it spread upon the minutes of the court.

On August 22, 1963, in the Superior Court of Walker County, the defendant was indicted separately for the murder of two persons, Orville Steele and Carolyn Newell. He made a motion for change of venue on each indictment, and the denial of those motions was finally affirmed by the appellate courts on February 10, 1964. *Blevins v. State,* 108 Ga. App. 738 (134 SE2d 496), certiorari denied by the Supreme Court of Georgia on February 10, 1964. On March 30, 1964, there was a pre-trial hearing before the trial court on the indictments. The defendant was then tried and convicted of the Newell murder and that conviction was reversed by the Supreme Court. *Blevins v. State,* 220 Ga. 720 (141 SE2d 426). On re-trial the defendant was acquitted of the Newell murder on May 20, 1965. This appeal relates to the indictment for the Steele murder.

In Georgia a person accused of a capital offense has a right to be discharged and acquitted of the offense if he is not given a trial within two regular terms of court after the term at which he has filed a demand for trial as provided by statute. "Any person accused of a capital offense may enter a demand for trial at the term at which the indictment is found, or at the next succeeding regular term thereafter; or by special permission of the court he may at any subsequent term thereafter demand a trial. . . When a demand for trial is made as hereinbefore provided, if the defendant is not tried at the term at which the indictment is found upon demand being made for trial, it shall be mandatory upon the trial judge to admit such party to bail in a reasonable amount to be fixed by the court. If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment; provided that at both terms there were juries empaneled and qualified to try the defendant and provided further the defendant was present in court announcing ready for trial and requesting a trial on said indictment." Ga. L. 1952, pp. 299, 300 (*Code Ann.* §§ 27-1901.1, 27-1901.2). The record shows that there were eight terms of the Walker Superior Court after the indictment was returned before the defendant sought to file his demand for trial, and that juries were empaneled at those terms. For the purposes of this opinion we will assume, but do not decide, that the time in which the defendant had an absolute right under the statute to make a demand for trial (the term at which the indictment was found or the next succeeding regular term thereafter) was extended until the determination on his motion for change of venue was final. The record does not show that the defendant made a demand for trial after that final determination, on February 10, 1964, until August 23, 1965. During this period five terms of court elapsed. The extension of the time for filing the demand during the time the motion for change of venue was pending would not bring the defendant's demand made at the August term 1965 within the time provided by the statute.

We do not agree that the defendant's motion for change of venue is still pending under the rule applied in *Blevins v. State,* 108 Ga. App. 738, supra, that "whether or not a fair and impar-

tial jury can be obtained is in most instances a question that must await the trial of the case to be resolved." By the decision on the previous appeal the trial court's denial of the motion for change of venue for trial of this indictment was affirmed. If at any time before the selection of a jury is completed it appears that a fair and impartial jury cannot be obtained, the defendant can then make or renew his motion for change of venue.

The defendant contends that at the pre-trial hearing on May 20, 1965, before the defendant was tried for the Newell murder, the court made a statement which he considered to mean that, when the State made its election as to which of the two indictments it would try first, no demand for trial on the other indictment would be proper or in order until after the indictment first tried had been finally disposed of; and that therefore he had no reason to make a demand for trial on this indictment until after his acquittal on the other one on May 20, 1965, and that he made the demand at the earliest opportunity, and at the first term after that final judgment.

The colloquy between the court and counsel pointed out by the defendant in the transcript of the pre-trial hearing could not be reasonably interpreted to have the meaning contended by the defendant. And we know of no authority holding that the time for exercising the right to make a demand for trial on one indictment is extended while the trial of another indictment against the same defendant is pending.

The defendant argues that the trial court's refusal to allow him to file his demand for trial, which he made after the time had passed when he had the absolute statutory right to do so, amounted to a denial of his constitutional right to a speedy trial; and that the provisions of the statute that he can enter a demand for trial later than the term at which the indictment was made or the next succeeding regular term thereafter only by special permission of the court is in violation of State and Federal constitutional provisions guaranteeing criminal defendants a speedy trial. Art. I, Sec. I, Par. V, Constitution of the State of Georgia (*Code Ann.* § 2-105); Amendments VI and XIV, Constitution of the United States (*Code* §§ 1-806, 1-815). The defendant first filed this appeal in the Supreme Court of Georgia, and that court ordered the appeal transferred to this Court. Blevins v. State, No. 23188, October 7, 1965. It is not for this court to pass upon the con-

stitutionality of the statutory provisions attacked by the defendant. Art. VI, Sec. I, Par. IV, Constitution of the State of Georgia (*Code Ann.* § 2-3704).

The right of a defendant in Georgia to a speedy trial in a capital case is recognized and implemented by the statute providing for a demand for trial and for an acquittal if the defendant is not tried within the time provided after the demand. *Code Ann.* §§ 27-1901.1, 27-1901.2, supra. The statute makes the demand for trial one device, but not the only one, by which the defendant can assert his right to a speedy trial. When the defendant does not demand trial in accordance with the statute, or the trial judge does not grant him special permission to file a demand after the time for filing as a matter of right has passed, the defendant is not without remedy. The right to a speedy trial has been recognized by other statutory provisions for a hundred years. *Code* §§ 27-2001, 27-2002. If the defendant believes the State has delayed beyond a reasonable time in bringing him to trial, he can make a motion that he be tried, or that the indictment be dismissed for want of prosecution, and call upon the court to apply *Code* § 27-2001 and deny the State a continuance unless it shows sufficient cause for it.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED JANUARY 5, 1966—DECIDED MARCH 11, 1966—REHEARING DENIED APRIL 1, 1966—

*Frank M. Gleason,* for appellant.
*Earl B. Self, Solicitor General, Bobby Lee Cook,* for appellee.