41991.   BLEVINS v. THE STATE.

SUBMITTED MAY 3, 1966—DECIDED MAY 19, 1966.

*Frank M. Gleason,* for appellant.

*Earl B. Self, Solicitor General, Bobby Lee Cook,* for appellee.

HALL, Judge. A speedy trial is a fundamental constitutional right (*Code* §§ 2-105, 1-806, 1-815), not a privilege; it has existed in England from the time of the Magna Carta. 21 Am. Jur. 2d 278, 279, § 241; 22A CJS 20, § 467(2). "The right to a speedy trial is intended to avoid oppression and prevent delay by imposing on the courts and on the prosecution an obligation to proceed with reasonable dispatch. It has been said that the basic policy underlying the constitutional guaranty and the statutes enacted to implement it is to protect the accused from having criminal charges pending against him an undue length of time. However, the guaranty has been held to serve a threefold purpose: It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, like statutes of limitation, it prevents him from being exposed to the hazard of a trial after the lapse of so great a time that the means of proving his innocence may have been lost." 21 Am. Jur. 2d 279, § 242. "It also applies to a person who is at large on bail, since, in addition to protecting an accused against prolonged incarceration, the right also serves other purposes which are applicable whether the defendant is on bail or not." 21 Am. Jur. 2d 280, § 244.

"The rule is that 'all causes shall be called and tried in the order in which they are docketed' . . ; and, unless it appears to the contrary it will be presumed that the judge complied with this rule." *Duffey v. Harris,* 19 Ga. App. 646 (4) (91 SE 1007); *Code Ann.* § 24-3343. "A different order in calling the docket

may be pursued by the court, in its discretion, for the purpose of giving facility and expedition to its proceedings, or for furthering the ends of justice." *Code Ann.* § 24-3343. The defendant in this case has moved that his case be tried in order that the mandate of "a speedy trial" be enforced. The defendant having affirmatively asserted this right and the State having made no reasonable showing for a continuance (*Code Ann.* § 27-2001), we hold that the trial court erred when it declined to grant the defendant his right to a trial upon this demand. This is particularly true since the defendant's petition shows that he was tried under another indictment, returned the same day as the one upon which he now seeks trial, over two years ago; and it is presumed, no countershowing being made, that the prior trial took place in its regular order.

*The case is reversed and remanded with direction that . the defendant be tried at the next regular term of court or be discharged. Nichols, P. J., and Deen, J., concur.*