42954. REID v. THE STATE.

SUBMITTED JULY 10, 1967—DECIDED NOVEMBER 14, 1967.

Bobby H. Reid, *pro se.*

WHITMAN, Judge. This is an appeal by appellant Reid from judgment of the Judge of Hall Superior Court, Northeastern Judicial Circuit (erroneously referred to in notice of appeal as Northwestern Judicial Circuit), of date March 8, 1967, denying a motion and demand by appellant of date February 10 (?), 1967, entitled "Motion and Demand for a Speedy Trial and/or Motion to Quash Detainer," which motion and judgment were filed in the office of the Clerk of Hall Superior Court on March 9, 1967. The appeal was tranmitted to the Supreme Court of Georgia pursuant to the language of the appeal and was by it transferred to this court. See *Reid v. State,* 223 Ga. 376 (155 SE2d 22).

The motion recites in substance that Reid was then confined in the Georgia State Prison in Reidsville, and that a detainer was placed against him on January 6, 1967, by the Sheriff of Hall County in relation to three indictments returned against him at the November term 1966 of Hall Superior Court, two of said indictments relating to alleged offenses of simple larceny of an automobile and the remaining indictment for violation of the Motor Vehicle Certificate of Title Act. The motion evidently was presented to the trial judge on March 8, 1967, prior to its filing in the clerk's office on March 9, 1967. The judgment on the motion provides: "The court . . . finds that this petition is not properly filed in this court; the petitioner is now in the legal custody of the Georgia State Board of Corrections; the petitioner is not presently detained by or in the custody of this court or of any officer of this court and is not in the jurisdiction of this court. Furthermore, this court is doubtful that it has authority to order this county to bear the expense of transporting the petitioner from Reidsville to this county and the expense of returning the petitioner to Reidsville under these circumstances.

"Upon the completion of the sentence or whatever part of the sentence petitioner is presently serving and upon notification by the authorities now having custody of the petitioner that he is ready for release, this court hereby orders the sheriff of this county to proceed to the State Prison in Reidsville and to receive and transport petitioner to this county for the purpose of being tried for such charges as are then pending against the petitioner in this court.

"In the meantime, should petitioner desire to pay the expenses of his being transported to this county for the purpose of standing trial, upon notification by the sheriff of this county that he has received advance payment of reasonable expenses for transporting petitioner to and from Reidsville, this court will authorize the proper authorities of the State Board of Corrections to release petitioner to the sheriff of this county and will order the sheriff of this county to proceed with the transporting of petitioner to this county for the purpose of being tried on whatever charges are then pending against the petitioner."

It will be noted from the motion that the movant therein "demands a fair and speedy trial under Ga. Code Sections 27-2901, *27-1901*, and under the Sixth (6th), Ninth (9th) and Fourteenth (14th) Amendments of the State and Federal Constitutions, or, either the detainer(s) be quashed during this term of court." The reference to *Code* § 27-2901 is evidently a mistake. Paragraphs VI, IX and XIV of Section I of the Bill of Rights of the State Constitution (*Code Ann.* §§ 2-106, 2-109 and 2-114) have no relation to the right of a speedy trial. Paragraph V of Section I of the Bill of Rights of the State Constitution (*Code Ann.* § 2-105) is the provision of the State Constitution which relates to a speedy trial. Article IX of the Federal Constitution (*Code* § 1-809) has no relation to a speedy trial. Article VI (*Code* § 1-806) of the Federal Constitution relates to the right of a speedy trial, and Article XIV (*Code* § 1-815) by its due process of law clause has relation to the right of a speedy trial insofar as State action is concerned, as hereinafter indicated in this opinion.

The errors enumerated in this case are four in number. In substance they are: (1) that the court erred in not granting a

fair and speedy trial allegedly guaranteed under the Ninth Amendment to the Constitution of the State of Georgia and *Code* §§ 27-2901 and 27-1901, and also as guaranteed under the Sixth and Fourteenth Amendments to the Federal Constitution; (2) in stating that it did not have authority to authorize appellant to be transported from the Georgia State Prison to Hall Superior Court for trial; (3) in not recognizing and abiding by applicable authorities cited by appellant (in addition to the statutes and constitutional provisions, appellant refers to *Blevins v. State,* 113 Ga. App. 702 (149 SE2d 423)), and (4) in stating that appellant is not detained or in custody of "Hall County Court"; that "Appellant is indirectly being held in custody and detained at the Georgia State Prison, Reidsville, Georgia [?] because of the rules of said prison appellant cannot be considered for transfer to a road camp, a better job, or considered for parol as long as the detainer remains against appellant."

■ There is no motion on behalf of the State in this case that the appeal be dismissed on the ground that the judgment appealed from is not an appealable judgment. However, it is not only the right but the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Drury v. City of Woodbine,* 96 Ga. App. 158 (99 SE2d 550), and cases cited. See also *Scott v. Minnix,* 95 Ga. App. 589 (98 SE2d 196); *Lockridge-Rogers Lmbr. Co. v. East Point,* 97 Ga. App. 357 (103 SE2d 160).

In the exercise of this duty the court has had the occasion to consider the question of the appealability of the judgment appealed from in this case, and in that connection to consider the ruling in *Sharpe v. State,* 10 Ga. App. 212 (72 SE 33), followed in *Maples v. State,* 10 Ga. App. 786 (74 SE 89), wherein it was held that an order refusing to allow a demand for trial in a criminal case to be spread upon the minutes of the court is not such a final judgment as would support a bill of exceptions.

In considering the question of jurisdiction to entertain the appeal in this case, we pretermit passing on the effect of the failure of appellant both in his appeal and in the enumeration of errors expressly to refer to the right of a speedy trial under Paragraph V of Article I, Section I, of the State Constitution in

644

relation to a speedy trial, the only reference in the appeal and in the enumeration of errors being to *Code* § 27-1901, known as the Demand Statute.

The *Sharpe* case undertakes to distinguish *Dacey v. State*, 15 Ga. 286, decided prior to the Code of 1863 therein referred to, but the *Sharpe* case does not mention the case of *Moore v. State*, 63 Ga. 165, decided in 1879, subsequently to the Code of 1863. In the *Moore* case the Supreme Court set forth and cited with approval both the *Dacey* case and *Couch v. State*, 28 Ga. 64, as supporting the view that the remedy for the refusal to enter a demand for trial on the minutes of the court is by writ of error, which is the equivalent of an appeal under the Appellate Practice Act.

The decision of the Supreme Court in the *Moore* case is regarded as controlling, and the rulings in the *Sharpe* and *Maples* cases, therefore, will not be followed. *Code Ann.* § 2-3708; *Mutual Federal Savings &c. Assn. v. Campbell Coal Co.*, 105 Ga. App. 185 (123 SE2d 925).

This comports also with the practice of this court in *Blevins v. State*, 113 Ga. App. 413 (148 SE2d 192), and s.c., 113 Ga. App. 702 (149 SE2d 423), wherein appeals were entertained and passed on without any question of jurisdiction being raised or determined.

The appeal should not be dismissed and will be decided on its merits.

■ On its merits the appeal is sustained and the judgment of the trial court overruling and denying the motion is reversed.

"A speedy trial is a fundamental constitutional right (*Code* §§ 2-105, 1-805, 1-815), not a privilege; it has existed in England from the time of the Magna Carta." *Blevins v. State*, 113 Ga. App. 702, supra. And see Klopfer v. North Carolina, 386 U. S. 213 (87 SC 988, 18 LE2d 1).

Paragraph V, Section I, Article I of the State Constitution (*Code Ann.* § 2-105), including the right of a public and speedy trial, first appeared in abbreviated form in the State Constitution of 1861, and in its present language is set forth in the State Constitutions of 1865, 1868, 1877 and 1945.

The basis of *Code* § 27-1901, known as the Demand Statute,

first appeared as a Code section in the Code of 1863 as Sec. 4534, derived from the Act of the General Assembly of Georgia approved December 23, 1833, effective June 1, 1834. See Cobb's Digest 1851, p. 836. This statute as originally enacted was doubtless in aid of and to implement the common law right existing in Georgia at least prior to 1861. See *Flint River Steamboat Co. v. Foster,* 5 Ga. 194 (5) (48 AD 248); *Head v. State,* 68 Ga. App. 759, 760 (1b) (24 SE2d 145); *Brooks v. Ready Mix Concrete Co.,* 94 Ga. App. 791, 793 (96 SE2d 213). See also cases cited under footnote "General Note on Laws of Force in State," *Code Ann. Titles* 1 and 2, 1948 revision at p. 666 et seq.

Since the right of a speedy trial has become a guaranty under the State Constitution the Demand Statute is to be regarded as in aid and implementation of the State constitutional right and to secure to a defendant in a criminal case his right thereunder. *Nix v. State,* 5 Ga. App. 835 (63 SE 926); *Rider v. State,* 103 Ga. App. 184 (118 SE2d 749); *Blevins v. State,* 113 Ga. App. 413, supra; *Connelly v. Balkcom,* 213 Ga. 491 (99 SE2d 817). However, the Demand Statute is not regarded as affording guidelines, so to speak, in relation to the Federal constitutional provisions guaranteeing the right to a speedy trial, being limited to and in a proper case applicable only to the State right.

In view of the fact that neither the appeal nor the enumeration of errors makes an express reference to the State constitutional provision, it is deemed proper and sufficient that the appeal in this case be determined on its merits without regard to Paragraph V of Article I of the State Constitution and without regard to *Code* § 27-1901 implementing the State right to a speedy trial, but rather upon the application of the right to a speedy trial afforded by Articles VI and XIV of the Federal Constitution and what appear to be the guidelines to be observed in respect of Federal constitutional provisions as set forth in United States v. Ewell, 383 U. S. 116 (86 SC 773, 15 LE2d 627). See *Code Ann.* § 2-8001 and cases annotated under catchword "Supreme Court of the United States."

The Federal constitutional provisions are regarded as self-

executing. 16 CJS 172, Constitutional Law, § 59. The Sixth Amendment of the Constitution of the United States now has been held by the United States Supreme Court to apply to the States and to cases pending in State courts. In Klopfer v. North Carolina, 386 U. S. 213, supra, at p. 222, in so holding, the court said: "While there has been a difference of opinion as to what provisions of this Amendment to the Constitution apply to the States through the Fourteenth Amendment, that question has been settled as to some of them in the recent cases of Gideon v. Wainwright, 372 U. S. 335 (1963), and Pointer v. Texas, 380 U. S. 400 (1965). In the latter case, which dealt with the confrontation-of-witnesses provision, we said: 'In the light of Gideon, Malloy, and other cases cited in those opinions holding various provisions of the Bill of Rights applicable to the States by virtue of the Fourteenth Amendment, the statements made in West [evidently referring to West v. Louisiana, 194 U. S. 258, 264, or Lane v. Brown, 372 U. S. 477, or both], and similar cases generally declaring that the Sixth Amendment does not apply to the States can no longer be regarded as the law. We hold that petitioner was entitled to be tried in accordance with the protection of the confrontation guarantee of the Sixth Amendment, and that that guarantee, like the right against compelled self-incrimination, is to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment. Malloy v. Hogan, supra, 378 U. S., at 10.' We hold here that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment. That right has its roots at the very foundation of our English law heritage."

In United States v. Ewell, 383 U. S. 116, supra, the court said (p. 120): "This guarantee [of a speedy trial] is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecu-

tion are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and *depends upon circumstances.* It secures rights to a defendant. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U. S. 77, 87. 'Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U. S. 354, 361. '[T]he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U. S. 1, 10." (Emphasis supplied.)

The Ewell case announces the principle that the time element in respect of affording a speedy trial depends upon the facts and circumstances of the particular case under review, and the case of *Blevins v. State,* 113 Ga. App. 413, supra, recognizes the factor of reasonableness of time in respect of which a defendant must be brought to trial.

The judgment appealed from in the case sub judice refers to the fact that the petitioner (appellant) at the time of presentation of his motion was in the legal custody of the Georgia State Board of Corrections and expresses the doubt of the court that it had authority to order the county to bear the expense of transporting petitioner from Reidsville to Hall County for the purpose of trying him on the indictments referred to in the motion and of returning him to Reidsville. The judgment also provides that upon completion of the sentence the petitioner was then serving and upon notification that petitioner was ready for release, the court by said judgment ordered the sheriff to proceed to the State Prison in Reidsville and to transport petitioner to Hall County to try him on such charges as should then be pending against him, but that in the meantime, should petitioner desire to pay the expenses of his being so transported, upon notification by the sheriff that he had received advance payment of the expenses by petitioner for transporting him to and from Reidsville, the court would authorize the

proper authorities of the State Board of Corrections to release petitioner for the purpose of such trial or trials.

The judgment of the lower court was and is erroneous in the above mentioned requirements.

"The courts of this State have inherent power to cause the production in court of a convict serving a penal sentence in the State penitentiary . . . whenever his presence is needed for a lawful purpose." The production in court of a prisoner then confined in the State Penitentiary on a previous conviction is not ground for the denial of a speedy trial on a pending indictment or indictments. *Flagg v. State,* 11 Ga. App. 37 (4) (74 SE 562).

An Act of the General Assembly of Georgia, approved February 20, 1956, in relation to the State Board of Corrections (Ga. L. 1956, pp. 161, 181) provides in Sec. 31: "(a) When a prisoner confined in any state prison . . . or when it is desired that such person stand trial on an indictment or accusation charging him with commission of a felony or misdemeanor, the judge of the court wherein such proceeding is pending is authorized to issue an ex parte order, directed to the State Board of Corrections, requiring his delivery to the sheriff of the county where the prisoner is desired as a . . . defendant, and said sheriff or his deputies shall take custody of said prisoner on the date named in said order, safely keep him pending the proceeding, and return him to the original place of detention after his discharge by the trial judge. (b) . . . if the prisoner's release to the sheriff was for the purpose of standing trial on criminal charges, the county wherein the case was pending shall pay all expenses of transportation and keeping, including per diem and mileage of the sheriff, jail fees, and any other proper expense approved by the trial judge."

See also Waugaman v. United States, 331 F2d 189, 190 (5th Cir.).

■ Movant's motion, in addition to seeking a speedy trial, also sought in the alternative that a detainer placed against him on January 6, 1967, by the Sheriff of Hall County for auto larceny, and violation of the Motor Vehicle Certificate of Title Act be quashed.

A detainer is a writ or instrument issued or made by a competent officer authorizing the keeper of a prison to keep in his custody a person named therein. State v. Arrington, 147 W. Va. 753, 762 (131 SE2d 382), citing 26A CJS 875, Detainer; Black's Law Dictionary, (4th Ed.).

In his fourth enumeration of error which relates to detainer, appellant states that because of the rules of the state prison he "cannot be considered for transfer to a road camp, a better job or considered for parole as long as the detainer remains against appellant."

The detainer was evidently for the purpose of detaining appellant at the expiration of his present term of confinement for trial upon the pending indictments in Hall Superior Court. It does not appear that appellant's present term of confinement has expired, nor does it appear that appellant is entitled to consideration for parole. This court has no jurisdiction on appeal to give direction to the State Board of Corrections in respect of the place of appellant's confinement or the nature of his service during the period of his present term of confinement. Appellant's motion insofar as it relates to quashing the detainer was and is without merit.

■ The judgment of the trial court on appellant's motion for speedy trial is reversed and remanded to the trial court with direction that the indictments pending against him be tried, in the absence of legal continuance, at the present regular term of Hall Superior Court provided there is at that term a jury empaneled and qualified to try him, or, if legally continued, at the next regular term thereafter at which there is such a jury available.

*Judgment reversed with direction. Bell, P. J., and Pannell, J., concur.*