### 25255. MALCOLM v. THE STATE.

NICHOLS, Justice. In February 1958 the defendant was indicted on two counts of armed robbery. Both alleged crimes involved the robbery of the same liquor store, the first on August 22, 1957, and the second on October 18, 1957. The defendant was not tried until July 18, 1968. Upon conviction on both counts he was sentenced to serve ten years on each count, the sentences to run consecutively. The defendant filed a motion for new trial which was overruled. Thereafter, the present appeal was filed. *Held:*

1. The first enumeration of error (also included as the third ground of the amended motion for new trial) complains that the appellant's constitutional right to a speedy trial was denied since he was indicted in 1958 and not tried until 1968. No demand for a trial was ever filed and no complaint made until after the defendant's conviction. Thus, assuming but not deciding that the State should have made a diligent effort to obtain the defendant from the authorities of the State of Tennessee where he was incarcerated under penal sentence of that State during such interval had a demand been made (see Smith v. Hooey, 393 U. S. 374 (89 SC 575, 21 LE2d 607)), yet where no demand was filed and no question raised with reference to the right to a speedy trial until after verdict, it cannot be urged that the prisoner's constitutional rights have been violated.

In a case like the present one it may well be that the prisoner

did not want to go on trial. While a detective corroborated much of the victim's testimony, yet without the only eyewitness (the victim) there could have been no trial. At the time of the indictments he had ten years to serve in Tennessee and it could well be that during the intervening years the victim may die, become incapacitated or move where it would be impractical for the State to try the prisoner for the alleged crime, thereby causing the entry of a nolle prosequi on the indictment, and a release of the accused after completing his Tennessee sentence without the danger of receiving an additional sentence for the crime covered by the indictment in the present case.

Under the circumstances of the present case where no demand was made for trial and there was no alleged purposeful delay on the part of the State which resulted in unduly keeping the prisoner incarcerated before trial, it cannot be said that the prisoner's constitutional rights were violated.

2. The second enumeration of error (also the second special ground of the motion for new trial) complains that the trial court erred in not granting a mistrial after alleged improper argument on the part of the State.

After the alleged improper argument and the motion for mistrial, counsel for the defendant stated that he did not want a mistrial. The court then instructed the jury that such argument was improper. No further objection or request for additional instructions was made. Accordingly, no reversible error is shown. See *Cherry v. State,* 220 Ga. 695 (141 SE2d 412) ; *Ivy v. State,* 220 Ga. 699 (141 SE2d 541) and citations.

3. The enumerations of error raise questions as to the sufficiency of the evidence and as to the court's charge, but neither question is argued in the defendant's brief and both are accordingly treated as having been abandoned.

*Judgment affirmed. All the Justices concur.*

Argued July 15, 1969—Decided September 8, 1969.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.