## 45254. NEWMAN v. THE STATE.

ARGUED APRIL 13, 1970—DECIDED APRIL 21, 1970.

*Larry Cohran,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.

HALL, Presiding Judge. 1. The motion to dismiss the appeal is denied.

2. The statutory right to demand a speedy trial is set out in *Code* § 27-1901: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall

be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

Defendant filed his demand with the clerk after the second term following indictment so that special permission of the court would be required to give the demand effect. *Without more,* the December 18 order spreading the demand upon the minutes would indicate that the court had given "special permission" under § 27-1901, since the section only calls for such recording in the case of a valid demand, i.e., by right or by special permission. The function of placing the demand on the minutes is to give notice to the State that the time in which trial must be had is running. *Moore v. State,* 63 Ga. 165. It would serve no purpose to record a demand in the usual fashion when permission to make it had not been granted.

However, doubt is cast on the meaning of this order by subsequent actions of the trial court. After the next succeeding regular term, the same judge denied defendant's motion for acquittal pursuant to *Code* § 27-1901, stating that he did not believe he had the power to do so. The transcript leads us to believe that the judge might have been unaware of the "special permission" feature of the statute and therefore could not have been granting it by the December 18 order. We will not determine the trial court's intent by sheer speculation. We will remand with direction that the trial court construe its December 18 order. See 60 CJS 109, Motions and Orders, § 64; *Jordan v. Russell,* 48 Ga. App. 200 (172 SE 469). If the court declares that defendant was thereby given special permission to make a demand, then he has already been acquitted by operation of law and nothing more remains to be done. *Thornton v. State,* 7 Ga. App. 752 (67 SE 1055); *Bishop v. State,* 11 Ga. App. 296 (75 SE 165).

3. If the trial court declares this was not the intent or meaning of the order, then it must make a definitive ruling either granting or refusing defendant permission to make the late de-

mand. The exercise of discretion under *Code* § 27-1901 lies with the trial judge rather than the appellate courts.

If permission is denied, however, the issue of defendant's constitutional right to a speedy trial still remains. The demand statute is only one device by which the defendant may assert this right. *Blevins v. State*, 113 Ga. App. 413 (148 SE2d 192); s.c., 113 Ga. App. 702 (149 SE2d 423). Defendant has also enumerated as error the placing of his case on the dead docket.

Statutory authority for the criminal dead docket is contained in *Code* § 24-2714 (5) (7) (duties of the clerk of the superior court). We can find no case law on the subject, but the State has suggested, and we agree, that the procedural device is analogous to North Carolina's nolle prosequi "with leave." With both, the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court. Since the United States Supreme Court has declared entry of the nolle prosequi "with leave" over defendant's objection to be unconstitutional (Klopfer v. North Carolina, 386 U. S. 213 (87 SC 988, 18 LE2d 1)), we believe the trial court here abused its discretion when it placed the case on the dead docket over defendant's objection.

On the other hand, the State may still be able to make a reasonable showing for a continuance under *Code* § 27-2001. Whether a defendant has been denied a speedy trial is not merely a matter of time but depends upon the facts and circumstances of each case. United States v. Ewell, 383 U. S. 116 (86 SC 773, 15 LE2d 627); *Reid v. State*, 116 Ga. App. 640 (158 SE2d 461); *Blevins v. State*, 113 Ga. App. 702, supra.

The defendant is entitled to insist that the State show the court why it is unable to try the case now and *when it expects to be able to do so*. If the problem is the absence of the prosecuting witness in Viet Nam, then the State can surely ascertain when he is due back. If the further delay is not unreasonable (taking into account that more than two years has already elapsed since indictment) the court may grant the State a continuance. *Code* § 27-2002.

*Judgment reversed with direction. Deen and Evans, JJ., concur.*