*Carole E. Wall, Assistant District Attorneys,* for appellee.

## 52502. GAYLOR v. THE STATE.

CLARK, Judge.

Defendant was charged by indictment with a violation of the Georgia Controlled Substances Act. He was tried before a jury and convicted. Following the denial of his new trial motion, the instant appeal was brought. *Held:*

1. Defendant contends, in two enumerations, that he was denied his Sixth Amendment right to a speedy trial by a three month pre-indictment, pre-arrest delay. The record shows, however, that defendant did not assert his Sixth Amendment right in any manner prior to the verdict and that the issue is raised for the first time on appeal. Under these circumstances, we must conclude that defendant has waived his right to a speedy trial by his failure to timely assert this right. See *Malcolm v. State,* 225 Ga. 470 (169 SE2d 779); *Blevins v. State,* 113 Ga. App. 413 (148 SE2d 192).

Additionally, we note that defendant's claim is not meritorious even in the absence of waiver. The Sixth Amendment's speedy trial provision has no application until the defendant in some way becomes an "accused." Thus, defendant's claim of a pre-indictment and pre-arrest delay does not invoke the protections of the Sixth Amendment. United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468); *Hall v. Hopper,* 234 Ga. 625, 626 (1) (216 SE2d 839); *Sanders v. State,* 132 Ga. App. 580, 582 (208 SE2d 597); United States v. Durham, 413 F2d 1003 (5th Cir., 1969). Moreover, the speedy trial provisions do not "require the Government to discover, investigate, and accuse any person within any particular period of time." United States v. Marion, supra, p. 313. The three month delay between defendant's alleged commission of the crime and his indictment did not offend his Sixth Amendment rights.

2. The remaining enumeration alleges error in the trial court's charge to the jury on defendant's assertion of alibi. The instruction given by the court was almost

identical to the alibi charge approved by our Supreme Court in *Patterson v. State*, 233 Ga. 724, 730 (213 SE2d 612). Accordingly, this enumeration is without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 13, 1976 — DECIDED JULY 16, 1976.

*Paul S. Weiner*, for appellant.
*William H. Ison, District Attorney*, for appellee.