A91A1489. ASPINWALL v. THE STATE.
(410 SE2d 388)

McMURRAY, Presiding Judge.

Defendant Aspinwall was charged by indictment with the offenses of one count of child molestation and two counts of aggravated child molestation. On November 9, 1990, defendant filed his demand for trial pursuant to OCGA § 17-7-170, asking that he be tried at the then current term or next term of court, or in default of such trial, that he be fully discharged and acquitted of the offenses charged. Subsequently, defendant filed his motion for discharge and acquittal pursuant to OCGA § 17-7-170, alleging the passage of two terms of court at which jurors had been impaneled and that he had not been tried. Defendant appeals from the denial of his motion for discharge and acquittal. Held:

OCGA § 15-6-3 (7) (C) sets the terms of court of the Superior Court of Glynn County. This statute was amended in 1990 (Ga. L. 1990, p. 920, § 2, effective January 1, 1991) so as to change the dates of commencement of terms of court from the second Monday in January, May, and September to the second Monday in March and September.

Defendant's demand for trial was filed during the September 1990 term of court and the record shows that jurors were impaneled for the trial of criminal cases during this term subsequent to the filing of defendant's demand for trial. Pursuant to the amendment to OCGA § 15-6-3 (7) (C), the subsequent term of court commenced in March of 1991. "The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned." OCGA § 15-6-19. It follows that only one term of court had passed in the interval between defendant's demand for trial and the superior court's ruling on defendant's motion for discharge and acquittal.

Nonetheless, defendant contends that due to the change in the period of time permitted the State to try him pursuant to OCGA § 17-7-170, the amendment of the terms of court is an ex post facto law as applied to him. Based upon this supposition, defendant argues that the period allowed the State to try him must be determined under the

superseded terms of court provision so that a fictitious January 1991 term of court would be deemed to have also passed.

"A speedy trial is a fundamental constitutional right. . . ." *Blevins v. State*, 113 Ga. App. 702, 703 (149 SE2d 423). OCGA § 17-7-170 is only one device by which a defendant may assert his constitutional right to a speedy trial. *Newman v. State*, 121 Ga. App. 692, 693 (3), 694 (175 SE2d 144). While defendant contends that OCGA § 17-7-170 provides substantive rights, we find no support for this position except certain dicta in *Jeffries v. State*, 140 Ga. App. 477, 478 (1), 479 (231 SE2d 369). This dicta is not supported by subsequent case law and is contradicted by decisions from other jurisdictions which hold that demand for speedy trial provisions are merely procedural devices subject to repeal or revision without any ex post facto consequences. *Illinois v. Anderson*, 292 NE2d 364; *Illinois v. Bivens*, 356 NE2d 665; *Kantor v. Florida*, 265 S2d 742; *Alaska v. Williams*, 681 P2d 313; *Missouri v. Loewe*, 756 SW2d 177, 180-181; *Missouri v. Maynard*, 714 SW2d 552, 554 (1,2); *Washington v. Edwards*, 616 P2d 620, 623 (3). We find the foreign authority persuasive and also note that the statutory amendment did not make criminal an act that was innocent when done, did not increase the punishment for a previously committed offense, and did not alter the rules of evidence. Nor did the amendment deprive the defendant of any substantive right available to him at the time of the offenses. At no time was defendant entitled to discharge and acquittal of the offenses with which he is charged. See *Todd v. State*, 228 Ga. 746, 752 (187 SE2d 831). The superior court did not err in denying defendant's motion for discharge and acquittal.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1991.

*Lane & Crowe, Robert L. Crowe*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *Kevin R. Gough*, Assistant District Attorney, for appellee.

