47930. SCHOFIELD et al. v. THE STATE.

ARGUED FEBRUARY 6, 1973 — DECIDED MARCH 14, 1973.

*Jordan D. Luttrell,* for appellants.
*Joseph B. Duke, District Attorney,* for appellee.

BELL, Chief Judge. ■ With respect to their claim that involuntary confessions were obtained from them, it must be noted that no extra judicial confession was ever offered in evidence against these defendants. Thus it is unnecessary to decide whether there was a violation of the accuseds' privilege against self incrimination insofar as any alleged out of court statement is concerned.

■ A plea of guilty may only be accepted by a trial judge when the court makes a determination that the plea is made voluntarily with the understanding of the nature of the charge and the consequences of the plea, and the record must affirmatively show that the pleas of guilty were entered intelligently and voluntarily. *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892). The trial judge's

interrogatories and defendants' answers comply with the *Purvis* rule. The pleas were entered voluntarily after complete and full explanation by the trial court as to each defendant.

■ There is no merit in the contention that the guilty pleas should be set aside because the defendants were deprived of their right to the effective assistance of counsel. The record shows that the defendants were afforded court appointed counsel and there is no showing in the record that at the time these defendants appeared before the trial court that they made any objection to being represented by court appointed counsel or had any desire to obtain counsel of their own choice. Before a final conviction can be set aside on the ground of incompetent or ineffective counsel, it must appear that the trial was a farce or mockery of justice or was shocking to the conscience of the reviewing court. *Heard v. State,* 126 Ga. App. 62 (8) (189 SE2d 895). This case does not fall within that rule.

*Judgment affirmed. Deen and Quillian, JJ., concur.*