## 32479. SHAKUR v. THE STATE et al.

BOWLES, Justice.

Appellant is presently serving a twenty-year sentence in Tennessee following his conviction there for the offense of armed robbery. This appeal was taken from the denial of appellant's pro se post-conviction writ of habeas corpus filed in the Superior Court of Fulton County, Georgia.

Appellant was indicted in Fulton County, Georgia in 1967 for the offense of robbery and assault with intent to murder. Prior to his conviction in Georgia on these charges, the appellant spent approximately twenty-three months in Pennsylvania prisons under force of a Georgia detainer warrant. In May of 1969, after being advised by court-appointed counsel, a plea bargaining agreement was reached wherein appellant entered pleas of guilty to each indictment and was sentenced to a term of six years; three years to be served, with the balance probated upon payment of $600.

Appellant fully served three years of this sentence, and the remaining three years was probated pursuant to the terms of the original sentence. In November of 1971, the appellant filed a writ of habeas corpus in the Superior Court of Fulton County, Georgia, wherein he attempted to obtain a hearing regarding an allegation that he had violated the terms of his probation, which allegation resulted in his state probation officer filing a detainer against him for violation of probation while appellant served a two-year sentence in the United States Penitentiary in Atlanta. That habeas petition was denied.

The appellant is now in the custody of Tennessee authorities following his conviction there in 1972, for armed robbery. In 1977 appellant's conviction and sentence were reviewed by the Tennessee Board of Pardons and Paroles and a remission of his sentence was denied because of his "past record."

Appellant's present writ of habeas corpus, brought in the Superior Court of Fulton County, attacks his 1969 conviction there. Appellant alleged that his conviction and sentence were void in that his plea of guilty was not entered freely and voluntarily, but was "the product of the necessity of obtaining relief from a lengthy incarceration and jail." No issue regarding the validity of the plea itself having been raised, the superior court dismissed the petition.[1]

The harm which appellant alleges he has incurred as a result of this "illegal sentence" is that the Tennessee Board of Pardon and Paroles has denied his request for parole due to his "past record," part of which is the conviction contested herein. In *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974), this court reconsidered the meaning in our habeas corpus statute of the phrase "persons whose liberty is being restrained" (Code Ann. § 50-127), and the question of mootness when a petitioner's sentence has been served. It was therein held that a habeas corpus petition which alleged that petitioner's *conviction was void* would not be dismissed as being moot, even though his sentence has been completely served, when the petitioner "is suffering collateral consequences in the nature of a due process violation." *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974); *Craig v. State,* 234 Ga. 398 (216 SE2d 296) (1975); *Callahan v. State,* 235 Ga. 359 (219 SE2d 717) (1975).

It is clear that nothing in the petition raises the question of the possible invalidity of the 1969 plea of guilty. Appellant states that despite his innocence he pleaded guilty to avoid receiving a longer sentence which he might have received from a jury. This is not the type of

---

[1] In dismissing the writ, the court noted that "in his 1971 petition for writ of habeas corpus, petitioner failed, in any way, to claim that credit for the 22 months was a part of the plea agreement." Although the court based its dismissal of the writ on other grounds, which are dealt with in the text of this opinion, we note Code Ann. § 50-127 (10) as further grounds in support of the lower court's dismissal of appellant's writ.

coercion which prevents a plea from being free and voluntary. Brady v. United States, 397 U. S. 742 (1970); see also *Ballard v. Smith,* 225 Ga. 416 (3) (169 SE2d 329) (1969).

The only other issue appellant has raised is the proper length of time he should have served under his conviction. He argues that he should have received credit for twenty-three months served in Pennsylvania prisons under a Georgia detainer. Citing Santobello v. New York, 404 U. S. 257 (1971), the appellant contends that because the prosecution violated the terms of the agreement, allegedly entered into with the appellant, his plea was coerced and therefore his sentence void.

Santobello, supra, controls only the prosecution. The sentencing judge is not so bound and may alter the recommendation of the prosecutor before imposing sentence. The superior court did not err in finding that the issue raised by the appellant went only to the sentence, and not the conviction itself.

Having found no error, we affirm the dismissal of the writ.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED SEPTEMBER 7, 1977.

Abdul Shakur, *pro se.*
*Arthur K. Bolton, Attorney General, H. Allen Moye, Assistant District Attorney, Lewis R. Slaton, District Attorney,* for appellees.