## S93A1045. HENRY v. THE STATE.
(434 SE2d 469)

CLARKE, Chief Justice.

This case arises on an interlocutory appeal of the denial of appellant's pretrial motion to dismiss. Appellant Robert Jeffrey Henry was arrested on December 16, 1991, and was indicted on murder charges on December 19, 1991. Through counsel, Henry filed a demand for speedy trial pursuant to OCGA § 17-7-171 on April 8, 1992. Appellant has remained in custody without bond since his arrest. On January 11, 1993, appellant filed a motion to dismiss to the charges pending against him. In this motion, appellant alleges that OCGA § 15-6-3 (15.1) and OCGA § 17-7-171 combine to deprive him the equal protection of the law. He argued that pursuant to OCGA § 15-6-3 (15.1), Douglas County has two terms of court; the first term begins on the second Monday of April and runs until the second Monday of October when the second term begins. Other counties of similar size have more terms of court. Therefore, he may have to wait longer for his trial than others in circuits with more terms of court per year. The trial court denied appellant's motion. Henry appeals. We find that the statutes do not violate equal protection guarantees and therefore affirm.

Appellant contends that the effect of the Code sections at issue is to deprive him of the equal protection of the laws in violation of both the federal and state constitutions.[1] The equal protection clause of the Georgia Constitution is "substantially equivalent" to the equal protection clause of the fourteenth amendment of the U. S. Constitu-

---

[1] "[N]or shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." U. S. Const., amend. XIV, § 1. "Protection to person and property is the paramount duty of government and shall be impartial and complete. No person shall be denied the equal protection of the laws." Ga. Const. of 1983, Art. I, Sec. I, Par. II.

tion. *Barge-Wagener Constr. Co. v. Morales*, 263 Ga. 190 (429 SE2d 671) (1993); *McDaniel v. Thomas*, 248 Ga. 632, 638 (285 SE2d 156) (1981); *Suber v. Bulloch County Bd. of Ed.*, 722 FSupp. 736 (S.D. Ga. 1989). The right to a speedy trial is fundamental and is guaranteed under both the United States and Georgia Constitutions. U. S. Const., amend. VI; Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). Appellant argues that under an equal protection analysis, where a fundamental right is at stake, the classification will fall unless the state demonstrates that it is necessarily related to a compelling government objective. *McDaniel*, 248 Ga. at 639. First, however, appellant must demonstrate that a fundamental right is threatened by the statutory classification. Under Georgia law, OCGA § 17-7-171, and its parallel section for non-capital cases, OCGA § 17-7-170, is a procedural device by which a defendant may assert his constitutional right to a speedy trial. This section does not provide any substantive right. *Aspinwall v. State*, 201 Ga. App. 203, 204 (410 SE2d 388) (1991). "[T]he Demand Statute is to be regarded as in aid and implementation of the State constitutional right." *Reid v. State*, 116 Ga. App. 640, 645 (158 SE2d 461) (1967). At the same time, the demand statute provides no assistance in relation to the federal constitutional right to a speedy trial. Id. The appellant must show that he has been deprived of a fundamental right before seeking a strict scrutiny analysis under the equal protection clause. The test for a speedy trial violation is the same for both the federal and state guarantees. There are four factors to consider in a speedy trial claim: (1) the length of the delay, (2) the reason for the delay, (3) the prejudice to the defendant, and (4) waiver by the defendant of his right to a speedy trial. *Redd v. State*, 261 Ga. 300, 301 (404 SE2d 264) (1991); *Fleming v. State*, 240 Ga. 142, 144 (240 SE2d 37) (1977). A showing of delay alone is not sufficient for appellant to prevail. *Fleming*, 240 Ga. at 144.

The first question here is whether the statutes deny a fundamental right to the defendant. Our discussion above decides that question in the negative. The Constitution mandates a speedy trial, and the Code sections merely establish the procedure for securing that right. Because the statutes do not deprive appellant of a fundamental right, we will examine the statutes under a rational basis standard. Under this analysis, the statutory classifications are presumed valid and will survive an equal protection challenge if the classification bears a rational relationship to a legitimate government interest. *McDaniel*, 248 Ga. at 638-639. The claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment. *Stuart-James Co. v. Tanner*, 259 Ga. 289, 290 (380 SE2d 257) (1989). The superior courts are expressly named in the Constitution, and form a part of the judicial system for the

whole state. *Burge v. Mangum*, 134 Ga. 307 (67 SE 857) (1910) (citing Ga. Const. of 1983, Art. VI, Sec. I, Par. I). The state has a legitimate interest in setting terms of court according to the needs and size of each county. Although it is possible that the classifications in the Code sections are not drawn with mathematical nicety, and may in practice result in some inequality, perfection in drawing classifications is not required. *Browning v. State*, 254 Ga. 478, 480 (330 SE2d 879) (1985). The legislature has set the minimum number of terms of court for each county according to the constitutional minimum of two per year. If the legislature determines that certain counties need more terms of court and can handle the additional demands, then it may extend such a benefit to the people in that county. The legislation is rationally related to the government's interest in moving judicial caseloads and rationing jury pools.

Appellant argues that in Douglas County, he may have to wait in jail up to 15 months longer for his trial than a similarly situated defendant in Fulton County. These bare assertions are not enough to overcome the presumptive validity of the statute. Accordingly, appellant has not produced sufficient proof to demonstrate that OCGA §§ 17-7-171 and 15-6-3 deny him equal protection of the laws.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993 —
RECONSIDERATION DENIED OCTOBER 8, 1993.

*Spruell & Dubuc, Billy L. Spruell, Melinda Davis Taylor,* for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.