## S96A0083. KING v. HAWKINS.
(469 SE2d 30)

HUNSTEIN, Justice.

Jerome Oncel Hawkins pled guilty to one count of possession with intent to distribute cocaine in March 1992 and received a life sentence.[1] Hawkins filed a petition for writ of habeas corpus in March 1993, which was granted based upon a finding that there was no factual basis for the guilty plea in the record. This Court subsequently remanded the case to the habeas court for the purpose, inter alia, of allowing Warden King time to respond to the issues raised by Hawkins. *King v. Hawkins,* 265 Ga. 93 (454 SE2d 135) (1995). On remand, the habeas court again granted Hawkins habeas corpus relief, setting aside his guilty plea and vacating his life sentence. Because the habeas court erred by ruling that the record before the trial court did not demonstrate a factual basis for Hawkins' guilty plea, we reverse.

Before a trial court can enter a judgment on a guilty plea, the court is required by Uniform Superior Court Rule 33.9 to make "such inquiry on the record as may satisfy him that there is a factual basis for the plea." See *State v. Evans,* 265 Ga. 332 (1) (454 SE2d 468) (1995) (held: USCR 33.9 is mandatory). In the instant case, the habeas court, after reviewing the evidence on the record of the guilty plea hearing,[2] found that the evidence adduced did not establish a factual basis for the plea, stressing testimony by the guilty plea prosecutor during the habeas hearing that the facts the prosecutor had recited to the trial judge at the guilty plea hearing "were not enough evidence to prove guilt beyond a reasonable doubt."

The purpose of USCR 33.9 is to protect against someone

---

[1] The record does not reflect whether Hawkins filed a direct appeal from the judgment entered on his guilty plea.

[2] The transcript of the guilty plea hearing reflects that the prosecutor informed the trial judge that Hawkins was charged with possession of cocaine with intent to distribute; that Hawkins "was caught going out to the jail and approaching the exercise yard back in the back"; that police officers "who knew [Hawkins] got suspicious and went out and checked him out"; and that the officers found "cocaine and some bills in his pocket."

pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged. [Cit.] USCR 33.9 provides this protection by requiring a trial court to subjectively satisfy itself that there is a factual basis for the plea. [Cit.] . . . [USCR 33.9] requires nothing more than that the trial court make itself aware of the factual basis of the plea. [Cit.]

*State v. Evans,* supra at 334 (2).

The habeas court here, by measuring the evidence adduced at the guilty plea hearing against a "beyond a reasonable doubt" standard, required considerably more than what is mandated by USCR 33.9. A trial court need not make itself aware of evidence establishing the pleader's guilt beyond a reasonable doubt in order to satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged.

Our review of the record in the guilty plea hearing reveals that the State presented a sufficient factual basis to comply with USCR 33.9. We, therefore, reverse the habeas court's grant of Hawkins' petition for writ of habeas corpus.[3]

*Judgment reversed. All the Justices concur, except Thompson, J., who concurs in the judgment only.*

DECIDED APRIL 15, 1996 —
RECONSIDERATION DENIED MAY 10, 1996.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Paige R. Whitaker, Assistant Attorneys General,* for appellant.
*Adams & Jordan, D. James Jordan,* for appellee.

---

[3] Our review of the habeas court's order establishes no other ground to support grant of the writ, in that contrary to the habeas court's findings, the guilty plea transcript does reflect that Hawkins understood his constitutional rights and that he acknowledged the only available sentence was life imprisonment, thereby demonstrating his understanding of the consequences of his guilty plea.