## S97A0128. BATTLE v. WILLIAMS.
### (485 SE2d 204)

BENHAM, Chief Justice.

Henry L. Williams entered a plea of guilty of armed robbery in November 1993. He filed a petition for a writ of habeas corpus in June 1996. After a hearing in August 1996, the habeas corpus court granted the writ, holding that the record of the guilty plea proceedings did not reveal the factual basis for the plea, and that manifest injustice resulted from that lack. The warden appeals those holdings.

1. In *Green v. State*, 265 Ga. 263 (2) (454 SE2d 466) (1995), the trial court read the particulars of the charges from the indictment and asked the accused whether it was to those charges that he wished to enter a plea. This Court found "that the indictment provided ample information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charges to which Green was pleading guilty." Id.

In the present case, the trial court also read from the indictment the specific allegations regarding the charge of armed robbery, which set out that Williams took money which was the property of a named business from the presence of a named person by the use of a gun or a replica of a gun. Considering the definition of armed robbery in OCGA § 16-8-41 (a), we find that the indictment provided sufficient information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charge to which Williams was pleading guilty. *Green,* supra. We conclude that the habeas corpus court erred in holding that the record of the guilty plea hearing did not reveal the factual basis of the guilty plea.

2. In light of our holding regarding the factual basis, we need not consider the warden's enumeration of error concerning the habeas corpus court's "manifest injustice" analysis. However, since the habeas corpus court specifically declined to rule on other issues because of its ruling that no factual basis was shown, the case must be remanded for consideration of the remaining issues.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 12, 1997.

*Michael J. Bowers, Attorney General, Christopher S. Brasher,*

*Assistant Attorney General,* for appellant.
Henry L. Williams, *pro se.*