A97A0026. BENNETT v. THE STATE.
(483 SE2d 612)

BEASLEY, Judge.

Bennett was charged with theft of mislaid property consisting of $405,000 mistakenly transferred into his bank account. In July 1989, he entered a guilty plea, and the court imposed a ten-year probated sentence conditioned upon his payment of restitution.

After defaulting in making restitution payments, he filed a motion to modify his sentence due to financial inability to pay. After the State filed petitions for revocation of probation because of his failure to pay, Bennett filed an extraordinary motion for new trial. The motion, which was filed in May 1990, specified no grounds but stated that it was supported by the "attached consent" of the district attorney's office. Although no such consent was attached, the transcript of the probation revocation hearing shows that the district attorney suggested the possibility of Bennett's withdrawing his

guilty plea by filing an extraordinary motion for new trial. The court revoked Bennett's probation but ordered that it be reinstated on the original conditions after he served six months in jail, with a new restitution payment schedule to be established at the end of Bennett's incarceration.

After his release, the State filed another probation revocation petition because of Bennett's failure to pay restitution. The court was unable to reach a decision concerning a suitable payment schedule. In July 1991, the court granted Bennett's extraordinary motion for new trial (the 1991 order), vacated and set aside his guilty plea and sentence, and set bond. The State did not appeal.

Nearly five years later, in April 1996, the State sought to set aside the 1991 order. The court (presided over by a judge from a different judicial circuit) set aside the 1991 order and reinstated Bennett's sentence. The court concluded that the 1991 order was void on jurisdictional grounds, so the State's failure to appeal it did not bar the State from seeking to set it aside. Bennett appeals.

1. In his first two enumerations, Bennett argues that the 1991 order in effect granted a petition for writ of habeas corpus and thus was not void.

Bennett did not seek to withdraw his guilty plea until after expiration of the term of court in which he entered his plea and was sentenced. See OCGA § 15-6-3 (15.1). " 'A defendant may withdraw his plea as a matter of right before sentence is pronounced. [Cit.] Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior to the expiration of that term of court. [Cit.] After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings. [Cit.] It could not be raised through motion for new trial . . . because a defendant who files a guilty plea cannot move for a new trial since there has been no verdict. [Cit.]' [Cit.]" *Bowens v. State*, 194 Ga. App. 391 (1) (390 SE2d 634) (1990).

"Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a [habeas corpus] proceeding." OCGA § 9-14-42 (a). In Bennett's extraordinary motion for new trial, he did not assert that there was any denial of his constitutional rights in his guilty plea proceedings. The extraordinary motion for new trial thus failed to state a claim for habeas corpus relief. See *Shakur v. State*, 239 Ga. 548 (238 SE2d 85) (1977) (trial court did not err in dismissing writ of habeas corpus where petitioner's assertion that guilty plea was not freely and voluntarily entered was supported by grounds facially without merit); compare *Waye v. State*, 239 Ga. 871, 872 (1) (238 SE2d 923) (1977)

(trial court properly treated petition as one for habeas corpus where petitioner alleged the guilty plea was not knowingly, voluntarily, and willingly entered). The guilty pleas in *Shakur* and *Waye* were actually challenged or sought to be challenged on federal constitutional grounds, i.e., *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). When *Shakur* and *Waye* were decided, a habeas petitioner's entitlement to relief was not limited to the denial of state and federal constitutional rights, as it is now. A substantial denial of rights under other laws of this state also entitled a petitioner to relief under the law then in force. See *Valenzuela v. Newsome*, 253 Ga. 793, 794 (2) (325 SE2d 370) (1985).

Based on current law, the 1991 order was in substance the grant of an out-of-term motion to withdraw a guilty plea. The court lacked jurisdiction to enter such an order, and the order was thus void. See *State v. James*, 211 Ga. App. 149 (2) (438 SE2d 399) (1993).

2. In his third and fourth enumerations, Bennett argues that following expiration of the term in which the 1991 order was entered, the State lacked authority to attack it and the court lacked authority to set it aside.

"By statute, in Georgia, '(t)he judgment of a court having no jurisdiction of the person or subject matter, or void for any . . . cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.' OCGA § 17-9-4. [Cits.] If the judgment is a nullity and void, the right to attack it is not lost by laches ([cit.]); nor is it waived by the failure to attack it before, since it is void, and not voidable. . . .' [Cit.]" *Barrett v. State*, 183 Ga. App. 729, 730 (1) (360 SE2d 400) (1987), overruled on other grounds, *Gonzalez v. Abbott*, 262 Ga. 671, 673 (2) (425 SE2d 272) (1993). The trial court was thus authorized to set aside the 1991 order beyond the term in which the order was entered.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 19, 1997 —
RECONSIDERATION DENIED MARCH 7, 1997 — 

*Wallace C. Clayton, Amelia G. Pray*, for appellant.
*David McDade, District Attorney, William J. Atkins, Assistant District Attorney*, for appellee.