## S97G1038. BENNETT v. THE STATE.
(494 SE2d 330)

SEARS, Justice.

The following question is raised by the grant of certiorari in this case:[1] Is the State precluded from seeking to set aside a 1991 judgment granting the appellant, Ralph Bennett, a new trial because the State urged the trial court to grant Bennett's extraordinary motion for new trial and then failed to appeal from the judgment doing so? The answer to this question is yes. The Court of Appeals' ruling to the contrary is, therefore, reversed.

In 1989, Bennett pled guilty to theft of mislaid property. The sentencing court, Judge Robert James, imposed a ten-year probated sentence conditioned upon Bennett's payment of restitution of $405,000. In May 1990, Bennett filed an extraordinary motion for new trial. After Bennett's plea, a number of probation revocation hearings were held because Bennett failed to pay restitution. One of the chief issues at these hearings was the development of a suitable repayment plan for Mr. Bennett. Because of frustration with Mr. Bennett's avowed inability to pay and because of his persistent entreaties that he did not have a criminal intent to take the money, the prosecutor stated as follows at one of the hearings: "Judge, the other remedy you had before you is if Mr. Bennett wants to withdraw his plea and you want to grant him that extraordinary relief, we can put it back in the posture of him standing there not guilty. We can have a trial, and we can

---

[1] *Bennett v. State*, 225 Ga. App. 284 (483 SE2d 612) (1997).

let the facts be fleshed out in front of a jury and let a jury determine if he, in fact, had criminal intent when he took the money. Then your honor can resentence him. . . . But, I don't think you're ever going to get money out of this gentleman." At a subsequent hearing held on June 5, 1991, the judge, the prosecutor, and Bennett's attorney continued to be unable to agree on a repayment plan for Bennett. At one point, the prosecutor stated: "Judge with all due deference, to me this is like grabbing at smoke and we've been grabbing at that same smoke for months and I'll just defer to your wisdom and patience." The judge then stated that "I may grant it — I grant the motion and we'll start all over." The prosecutor immediately responded "Thank you, Your Honor. For the record, the Judge . . . [has] now granted the extraordinary motion for a new trial which means we go back to square one."

On July 19, 1991, Judge James entered an order granting Bennett's extraordinary motion for new trial. The State did not appeal from Judge James's order. However, almost five years later, on April 15, 1996, the State moved to set aside the 1991 judgment based upon its contention that Judge James did not have jurisdiction to grant Bennett a new trial. A new judge was appointed to preside over the case. He subsequently ruled that the July 1991 order granting Bennett's extraordinary motion for new trial was void on jurisdictional grounds, and granted the State's motion to set aside. The Court of Appeals affirmed.[2] For the reasons that follow, we reverse.

In *Marshall v. Marshall*,[3] a husband against whom a judgment had been entered in a divorce case later moved to have the judgment set aside, contending that it was void for lack of jurisdiction and could be attacked at any time. The trial court granted relief. We held that, as a general matter, a void judgment was subject to attack at any time, but concluded that there were limitations on that rule.[4] Because the husband had knowledge of all the circumstances that led to the original judgment, but voiced no objections to the trial court and failed to file a direct appeal, this Court held that he could not obtain relief from the judgment pursuant to his motion to set aside.

This case presents an even more compelling case against the granting of relief from the earlier judgment. Here, the State urged the trial court to grant a new trial. Once the trial court did so, the State thanked the trial court for its action. The State, consistent with its statements at the hearings, did not appeal from the judgment granting Bennett a new trial. Five years later, however, the State changed its mind, and filed a motion to set aside. Under these cir-

---

[2] *Bennett*, 225 Ga. App. at 285-286.
[3] 257 Ga. 494, 495-496 (360 SE2d 572) (1987).
[4] Id. at 495-496.

cumstances, the rule established in *Marshall* precludes the State from obtaining relief from the judgment. "This Court has an interest in the finality of judgments and the expedition of appeals so that litigation may be concluded as soon as possible."[5]

Moreover, because the State's conduct unquestionably aided in causing the trial court to grant Bennett a new trial, the State is barred from obtaining relief under the "well established [rule] that one cannot complain of a judgment, order, or ruling that her own procedure or conduct procured or aided in causing, nor can she be heard to complain of or question on appeal a judgment which she invokes."[6]

For the foregoing reasons, we hold that the trial court erred in granting the State's motion to set aside, and that the Court of Appeals erred in affirming the trial court.

*Judgment reversed. All the Justices concur, except Carley and Thompson, JJ., who dissent.*

DECIDED JANUARY 12, 1998.

*Wallace C. Clayton, Amelia G. Pray,* for appellant.
*David McDade, District Attorney, William J. Atkins, Stephen L. Corso, Assistant District Attorneys,* for appellee.

---

[5] Id. at 496.
[6] *Dept. of Human Resources v. Phillips,* 268 Ga. 316, 320 (2) (486 SE2d 851) (1997). Accord *Brown v. Cronic,* 266 Ga. 779, 782 (470 SE2d 682) (1996).
[1] See *Thedieck v. Thedieck,* 220 Ga. App. 764, 766 (1) (470 SE2d 265) (1996); *Ensley v. Ensley,* 239 Ga. 860, 861-862 (238 SE2d 920) (1977).
[2] *Gay v. Gay,* 268 Ga. 106 (1) (485 SE2d 187) (1997); OCGA § 15-6-8 (5).