## A98A1747. BATTLE v. THE STATE.
### (508 SE2d 467)

BEASLEY, Judge.

In 1984, Battle pled guilty to the kidnapping with bodily injury of one victim and rape of another. Two consecutive sentences of life imprisonment were imposed. The Sentence Review Panel denied a reduction.

In 1987, the trial court denied Battle's motion to modify his sentence as unduly harsh. In 1993 and 1996, the court denied Battle's extraordinary motions to withdraw his guilty plea, which motions were based on the ground that the plea was not knowingly, intelligently, and voluntarily entered. We held on appeal that the motions should have been dismissed on jurisdictional grounds, for a superior court's jurisdiction to consider a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction is rendered.[1]

---

[17] See OCGA § 18-2-22.

[1] *Battle v. State*, 225 Ga. App. XXVII (1997), relying on *Cabell v. State*, 221 Ga. App. 192 (471 SE2d 222) (1996).

In 1998, Battle filed the present "motion to vacate void sentence," again in the trial court, contending anew that his plea was not knowing, intelligent, and voluntary. He also maintained that his guilty plea resulted from ineffective assistance of trial counsel, that he was improperly sentenced as a recidivist, and that his sentencing violated double jeopardy because the rape was a lesser included offense of kidnapping with bodily injury. This appeal is from the court's dismissal of his motion for lack of jurisdiction.

As a general rule, a motion to vacate a sentence is not an appropriate remedy in a criminal case after passage of the term in which the judgment was entered.[2] An exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow.[3] Battle's sentences are lawful. Life imprisonment is authorized for both kidnapping with bodily injury and rape, even for first offenders,[4] and Battle's indictment alleged that the offenses to which he pled guilty were committed against different victims.[5]

The proper method for challenging the validity of a guilty plea and resulting sentence is through habeas corpus proceedings.[6] Under OCGA § 9-14-42 (a), a state habeas petitioner's entitlement to relief is limited to the denial of state or federal constitutional rights.[7] A petition for habeas corpus must be filed in the superior court of the county where a prisoner is detained.[8] Since Battle is incarcerated in a different county from where tried, his motion cannot be considered such a petition.[9]

Dismissal of the motion was required.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 3, 1998.

Bobby C. Battle, *pro se.*

---

[2] See *State v. Mohamed*, 203 Ga. App. 21 (2) (416 SE2d 358) (1992), citing *Thigpen v. State*, 165 Ga. App. 837, 838 (303 SE2d 81) (1983).

[3] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[4] See OCGA §§ 16-5-40 (b) (kidnapping with bodily injury); 16-6-1 (b) (rape).

[5] See *Manry v. State*, 226 Ga. App. 445 (487 SE2d 80) (1997) (where defendant pleads guilty to counts of indictment alleging multiple criminal acts, he waives claim that sentence is void on double jeopardy grounds because there was in fact only one act).

[6] *Gipson v. State*, 269 Ga. 26 (494 SE2d 669) (1998) (guilty plea challenged through habeas corpus); *Gaither v. Inman*, 253 Ga. 484 (322 SE2d 242) (1984) (sentence challenged through habeas corpus).

[7] *Bennett v. State*, 225 Ga. App. 284, 285 (1) (483 SE2d 612) (1997), rev'd on other grounds, 268 Ga. 849 (494 SE2d 330) (1998).

[8] OCGA § 9-14-43.

[9] *Manry v. State*, supra.

*J. David Miller, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.