## A99A2163. SMITH v. THE STATE.
### (525 SE2d 707)

BLACKBURN, Presiding Judge.

Jaime Ann Smith appeals the trial court's denial of her motion for discharge and acquittal for driving under the influence, striking a fixed object, and violating open container laws, contending that her right to a speedy trial was denied. For the reasons set forth below, we affirm.

Smith was cited for the offenses listed above on August 28, 1998. The uniform traffic citations were filed with the City Court of Atlanta on August 31, 1998, and Smith filed a motion for speedy trial on September 23, 1998. On January 25, 1999, Smith filed a motion for discharge and acquittal, contending that her right to a speedy trial had been denied because she had not been tried at the term when the demand was made or at the next succeeding regular term thereafter in accordance with OCGA § 17-7-170.

In support of her motion, Smith argued that the City Court of Atlanta should be considered to have the same two-month terms of court held by the State Court of Fulton County. OCGA § 15-7-40, Ga. L. 1983, p. 4501, § 1. The legislative act creating the City Court of Atlanta, however, provides that this court shall have two six-month terms of court. Ga. L. 1996, p. 635, § 20. Therefore, Smith's contention that her right to a speedy trial was violated is patently erroneous, as her motion to discharge and acquit was filed only four months after her speedy trial request.

To the extent that Smith has attempted to argue that the difference in the terms of court between the state court and the city court violates her equal protection rights, our Supreme Court has considered a similar argument in the past and rejected it. See *Henry v.*

*State*, 263 Ga. 417 (434 SE2d 469) (1993).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 12, 1999 —

*Robert S. Devins*, for appellant.

*Joseph J. Drolet, Solicitor, Shondeana G. Crews, Assistant Solicitor*, for appellee.