## S00A0573. CROSS v. THE STATE.
### (528 SE2d 241)

THOMPSON, Justice.

The question for decision in this case is whether Ga. L. 1996, p. 627, which establishes two terms of court for the City Court of Atlanta, is unconstitutional because it violates equal protection. We hold that it is not.

Rebecca Cross received a citation for driving under the influence and weaving on the roadway. The citation was filed in the City Court of Atlanta. Cross filed a demand for a speedy trial on December 12, 1997, pursuant to OCGA § 17-7-170. The case was called to trial on June 5, 1998, and Cross moved for acquittal based upon the State's failure to try her within two terms of court. The trial court denied Cross's motion, finding that the two term requirement of OCGA § 17-7-170 had not been met because the City Court of Atlanta has only two terms of court. Cross attacked the statute which establishes the terms of court for the City Court of Atlanta, asserting it violates equal protection because the Atlanta Judicial Circuit has six terms of court. See OCGA § 15-6-3 (3).[1] The trial court upheld the constitutionality of Ga. L. 1996, p. 627. Cross was found guilty and she appeals, raising the constitutional question set forth above.

Georgia's speedy trial statutes, OCGA §§ 17-7-170, 17-7-171, do not provide substantive rights; they merely establish a procedure enabling a defendant to assert his constitutional right to a speedy trial. *Henry v. State*, 263 Ga. 417, 418 (434 SE2d 469) (1993). Accordingly, we examine Ga. L. 1996, p. 627, "under a rational basis standard. Under this analysis, the statutory classifications are presumed valid and will survive an equal protection challenge if the classification bears a rational relationship to a legitimate government interest." Id.

Ga. L. 1996, pp. 627, 628, states that the City Court of Atlanta is a state court with limited jurisdiction. Terms for state courts are provided by the statute "creating the individual courts." See OCGA § 15-7-40.

The statute creating the City Court of Atlanta as a state court of

---

[1] The State Court of Fulton County also has six terms. OCGA § 15-7-40; Ga. L. 1983, p. 4501.

limited jurisdiction provides for two terms of court. Ga. L. 1996, pp. 627, 635. It cannot be said that that statute is unconstitutional simply because other courts, even other courts serving the same geographical area, have different terms. See *Henry*, supra (superior courts can have different terms without violating equal protection); *Smith v. State*, 240 Ga. App. 337 (525 SE2d 707) (1999) (equal protection is not violated because City Court of Atlanta and State Court of Fulton County have different terms of court).

The legislature has a legitimate interest in setting terms of court according to the caseloads, jury pools, and needs of each court. "Although it is possible that the classifications in the Code sections are not drawn with mathematical nicety, and may in practice result in some inequality, perfection in drawing classifications is not required. *Browning v. State*, 254 Ga. 478, 480 (330 SE2d 879) (1985)." *Henry*, supra at 419.

Ga. L. 1996, p. 627, is not unconstitutional for any of the reasons asserted by Cross. The trial court did not err in upholding the statute.

*Judgment affirmed. Benham, C. J., Sears, Hunstein, Carley, Hines, JJ., and Presiding Judge William LeRoy McMurray, Jr., concur. Fletcher, P. J., not participating.*

DECIDED MARCH 27, 2000.

*Daniel Kane*, for appellant.
*Joseph J. Drolet, Solicitor*, for appellee.