## A00A2485. EDDLEMAN v. THE STATE.
(545 SE2d 122)

SMITH, Presiding Judge.

Alan Eddleman pled guilty to two counts of aggravated stalking.[1] The trial court accepted the plea, deferred sentencing, and ordered a presentence investigation. The court also ordered a psychological evaluation. Upon completion of these investigations, on December 16, 1999, Eddleman was sentenced to ten years, to serve five in confinement. On January 10, 2000, Eddleman filed a motion for new trial, which was denied after a hearing. This appeal ensued. Eddleman contends the trial court erred in using the presentence investigation to enhance and fix his sentence and that his rights under the Georgia Constitution to due process and to confront witnesses against him were violated because he was not given a copy of the presentence investigation report. We do not reach the merits of Eddleman's contentions because we find that he had no right to move for a new trial and because he waived any objection to the use of the presentence investigation report.

1. Eddleman was not entitled to move for a new trial. Generally, if a defendant enters a guilty plea he cannot move for a new trial, since no verdict was returned. *Bowens v. State*, 194 Ga. App. 391 (1) (390 SE2d 634) (1990). Had Eddleman's motion for new trial been filed while the trial court still had jurisdiction, the trial court would have been authorized to treat the motion as one to withdraw the guilty plea. *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600) (1992). But a superior court's jurisdiction to entertain a motion to withdraw a plea ends after the term of court in which the judgment of conviction was rendered. *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998). And Eddleman's motion was not filed in the same term of court in which the plea was entered.[2] We also note that at the hearing on the motion, Eddleman's counsel specifically stated that he was not seeking to withdraw the guilty plea and seek a new trial. The trial court did not err in denying the motion for a new trial.

2. For the same reason, even if the trial court had considered Eddleman's motion as one to vacate his sentence, it was without jurisdiction to consider such a motion, because the motion was not timely. A "trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered. [Cits.]" *McBee v. State*, 239 Ga. App. 314 (521 SE2d 209) (1999). An exception exists when the sentence is one that the law

---

[1] He pled guilty to one count of simple battery at the same time, but neither that plea nor the conviction is involved in this appeal.

[2] The Superior Court of Rockdale County has four terms of court, beginning the first Monday in January, April, July, and October. OCGA § 15-6-3 (32.1).

does not allow. *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). But that is not the situation here, as Eddleman's sentence is well within the maximum allowed. OCGA § 16-5-91 (b).

3. Finally, contrary to the assertions in his brief, Eddleman did not properly object during the sentencing hearing to the use of the presentence investigation report. He stated to the court that he could not address all that was in the presentence investigation report because it had not been furnished to him, and he asked the court to take that disadvantage into consideration; he subsequently told the court he wished to "renew my somewhat weak objection to the way PSIs were done in this case." But he made no request to see the report, did not seek a continuance, made no specific objection to the failure to provide him with a copy, and did not object to the manner in which the report was used by the court. Under these circumstances, we cannot conclude that Eddleman objected to the use of the report.

The failure to object at a sentencing hearing to consideration of a probation presentence report constitutes a waiver. *Gafford v. State*, 240 Ga. App. 251, 254 (4) (523 SE2d 336) (1999); *Noble v. State*, 220 Ga. App. 155, 159 (469 SE2d 307) (1996). Having failed to raise this issue in the trial court, Eddleman cannot raise it here.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 31, 2001.

*Ingrid J. McGaughey, Paul J. Oeland IV*, for appellant.
*Richard R. Read, District Attorney*, for appellee.