## A01A1971. ANDERSON v. THE STATE.
(559 SE2d 166)

PHIPPS, Judge.

James Hoyt Anderson appeals from the trial court's order denying his motion to withdraw his guilty plea. Finding no error, we affirm.

On February 2, 2000, the Lumpkin County Superior Court rendered a judgment of conviction on Anderson's *Alford*[1] plea to an indictment. On March 3, 2000, Anderson filed a motion to withdraw

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

his plea. By then, however, a new term of court had commenced (on the fourth Monday in February 2000).[2] As Anderson acknowledges, "a superior court's jurisdiction to entertain a motion to withdraw a plea ends after the term of court in which the judgment of conviction was rendered."[3] It was on this basis that the trial court denied Anderson's motion.

1. Anderson contends that his motion was "equivalent" to a motion for a new trial and that it was thus timely.[4] The law, however, is otherwise:

> A defendant may withdraw his plea as a matter of right before sentence is pronounced. Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior to the expiration of that term of court. After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings. *It could not be raised through motion for new trial because a defendant who files a guilty plea cannot move for a new trial since there has been no verdict.*[5]

2. Anderson also contends that he has been denied equal protection under the state and federal constitutions because a person filing a motion to withdraw a guilty plea in a county in which the end of a court term did not intervene between February 2 and March 3, 2000, would have been entitled to consideration of his motion on the merits, as it would have been timely. He appealed to the Supreme Court of Georgia on the basis of this constitutional challenge, but that Court transferred the appeal here because "resolution of the issue raised requires only the application of plain and unambiguous constitutional provisions."

A contention similar to Anderson's was made — unsuccessfully — in *Henry v. State*.[6] There, in a county having only two terms of court a year, the defendant filed a demand for a speedy trial. Since such a demand creates a trial deadline tied to the last day of a court term,[7] the defendant claimed a denial of equal protection in that "he may have to wait longer for his trial than [defendants] in circuits

---

[2] OCGA § 15-6-3 (17.1) (C).

[3] (Citation omitted.) *Eddleman v. State*, 247 Ga. App. 753 (1) (545 SE2d 122) (2001).

[4] OCGA § 5-5-40 (a) provides that, "except in extraordinary cases," motions for new trial shall be made within 30 days after the entry of judgment.

[5] (Citations and punctuation omitted; emphasis supplied.) *Bennett v. State*, 225 Ga. App. 284, 285 (1) (483 SE2d 612) (1997), rev'd on other grounds, 268 Ga. 849 (494 SE2d 330) (1998).

[6] 263 Ga. 417 (434 SE2d 469) (1993).

[7] OCGA § 17-7-171 (b); see also OCGA § 17-7-170 (b).

with more terms of court per year."[8] Our Supreme Court noted that "[t]he equal protection clause of the Georgia Constitution is substantially equivalent to the equal protection clause of the fourteenth amendment of the U. S. Constitution"[9] and that "[t]he right to a speedy trial is fundamental and is guaranteed under both . . . Constitutions."[10] It also noted, however, that, as "the Code sections[11] merely establish the procedure for securing [the constitutional speedy trial] right," they "do not deprive appellant of a fundamental right."[12]

Similarly here, even assuming arguendo that the right to withdraw, post-sentencing, a guilty plea if necessary to correct a manifest injustice[13] has constitutional stature, the end-of-term limitation on a superior court's jurisdiction to entertain a motion to withdraw a plea[14] merely establishes the procedure for securing that right. That is, it merely establishes a time limit, inherently a procedural matter, on the exercise of the right. Thus, under *Henry*, it does not deprive Anderson of a fundamental right.

In *Henry* the Court went on to hold that the rational basis standard applied and that, under that standard, the legislation establishing court terms in the various counties was rationally related to a legitimate governmental interest:

> Because the statutes do not deprive appellant of a fundamental right, we will examine the statutes under a rational basis standard. Under this analysis, the statutory classifications are presumed valid and will survive an equal protection challenge if the classification bears a rational relationship to a legitimate government interest. . . . The state has a legitimate interest in setting terms of court according to the needs and size of each county. Although it is possible that the classifications in the Code sections are not drawn with mathematical nicety, and may in practice result in some inequality, perfection in drawing classifications is not required. The legislature has set the minimum number of terms of court for each county according to the constitutional minimum of two per year. If the legislature determines that certain counties need more terms of court and can handle

---

[8] *Henry*, supra, 263 Ga. at 417.

[9] (Citations and punctuation omitted.) Id. at 417-418.

[10] (Citations omitted.) Id. at 418.

[11] Referring to OCGA § 15-6-3 (15.1) — establishing two court terms annually in the county involved — in combination with OCGA § 17-7-171 (see n. 7, supra).

[12] *Henry*, supra, 263 Ga. at 418.

[13] See Uniform Superior Court Rule 33.12 (A).

[14] See, e.g., *Eddleman*, supra, 247 Ga. App. at 753 (1).

the additional demands, then it may extend such a benefit to the people in that county. The legislation is rationally related to the government's interest in moving judicial caseloads and rationing jury pools.[15]

*Henry*, albeit addressing the impact of an end-of-the-term deadline on a speedy trial demand, rather than on a post-sentencing motion to withdraw a guilty plea, is controlling authority for our conclusion that Anderson was not denied equal protection by the combination of (1) the case law rule that jurisdiction to entertain a motion to withdraw a plea ends with the term of court and (2) the county-by-county differences in terms of court detailed in OCGA § 15-6-3.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 24, 2002 — ▮▮▮▮▮▮

*Glenville Haldi*, for appellant.

*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney*, for appellee.

