## A03A0373. GOODRUM v. THE STATE.
(578 SE2d 484)

JOHNSON, Presiding Judge.

On June 2, 1997, Leslie Goodrum pled guilty to rape and aggravated sexual battery. The trial court sentenced Goodrum to serve 20 years on each count, to run concurrently. On May 28, 2002, Goodrum petitioned the trial court for leave to withdraw his guilty plea in a pleading entitled "Motion to Void Judgment." Goodrum maintained that his guilty plea was not voluntary, that there was no factual basis for his guilty plea, that his sentences were invalid, and that the guilty plea resulted from ineffective assistance of trial counsel. The trial court dismissed Goodrum's motion, finding it did not have jurisdiction to address the merits of the motion. Goodrum appeals, requesting us to vacate the trial court's order and direct the trial court to conduct a hearing on his motion. However, since Goodrum's motion was not timely filed, the trial court had no jurisdiction to consider the motion and properly dismissed the motion.

A trial court's authority to vacate or modify a sentence ends with the expiration of the term of court in which the judgment was entered.[1] An exception exists when the sentence is one that the law does not allow.[2] But that is not the situation here, as Goodrum's sentences are well within the maximum allowed.[3]

Goodrum also cites OCGA § 17-9-4 in support of his appeal. That statute declares that any order entered by a court without jurisdiction over the person or subject matter is void. However, Goodrum's motion states no facts that would deprive the trial court of either type of jurisdiction in his case. On the contrary, Georgia law vests superior courts with exclusive subject matter jurisdiction over all felony trials.[4] Similarly, the Georgia Constitution specifies that venue lies in the county where a crime is committed.[5] The indictment in this case, alleging that Goodrum committed criminal acts in Cobb County, confers jurisdiction over his person. Consequently, Goodrum has failed to demonstrate that his sentences are void for lack of jurisdiction.

The proper method for challenging the validity of a guilty plea and resulting sentence is through habeas corpus proceedings.[6] However, a petition for habeas corpus must be filed in the superior court

---

[1] *Eddleman v. State*, 247 Ga. App. 753 (2) (545 SE2d 122) (2001); *Levell v. State*, 247 Ga. App. 615, 616 (1) (544 SE2d 523) (2001).

[2] *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998).

[3] OCGA §§ 16-6-1 (b); 16-6-22.2 (c).

[4] Ga. Const., Art. VI, Sec. IV, Par. I; OCGA § 15-6-8.

[5] Ga. Const., Art. VI, Sec. II, Par. VI.

[6] *Battle*, supra.

of the county where a prisoner is detained.[7] Since Goodrum is incarcerated in a different county from that in which he was tried, his motion cannot be considered such a petition.[8] Dismissal of the motion was required.

Goodrum has filed a motion to supplement the appellate record with a transcript of his 1997 plea hearing. However, the issue before us (whether the trial court had jurisdiction in 2002 to address the merits of Goodrum's motion to withdraw his guilty plea) is purely a matter of law, and the transcript of Goodrum's plea hearing is irrelevant to this issue. Goodrum's motion to supplement the record to include the transcript of his plea hearing is denied.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 14, 2003.

Leslie Goodrum, *pro se.*
Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney, for appellee.

---

[7] OCGA § 9-14-43.
[8] *Battle,* supra.