## A06A0489. ARNOLD v. THE STATE.
### (628 SE2d 605)

PHIPPS, Judge.

Cornelius Demond Arnold pled guilty to multiple charges stemming from a domestic incident. The trial court sentenced him to serve 24 months in jail. He appeals, arguing that his plea was not voluntary and that his sentence is void. We find no error in the trial court's acceptance of Arnold's guilty plea, but we agree that the sentence imposed on one of the charges exceeds the maximum statutory limit and is therefore void. Accordingly, we affirm the judgment of conviction, but vacate the sentence in part and remand for resentencing.

1. We first address the state's contention that we lack jurisdiction to hear this appeal. Arnold filed a notice of appeal approximately three weeks after the trial court accepted his guilty plea and pronounced sentence. Several weeks later, he filed motions for the appointment of appellate counsel and to withdraw his guilty plea. The trial court appointed counsel for Arnold, but apparently did not consider his motion to withdraw the plea. The state argues that because the motion to withdraw was timely filed, within the same term of court as Arnold's sentencing, it remains pending below.[1] Thus, the state contends, this court has nothing to review until the trial court rules on that motion.

But Arnold filed the notice of appeal *before* the motion to withdraw his guilty plea. By filing the notice of appeal, Arnold deprived the trial court of jurisdiction to consider his motion to withdraw.[2] Therefore, that motion cannot be considered "pending" in the court below, and we may properly consider Arnold's direct appeal from the judgment and sentence entered on his guilty plea.[3]

2. Arnold claims that his guilty plea was not valid because the state failed to present an adequate factual basis for the charges, because the record does not show that the trial court informed him of the potential sentences he faced, and because he denied his guilt at the plea hearing. We disagree.

When a defendant challenges the validity of his plea, the state bears the burden of showing that the plea was made intelligently and voluntarily.[4] The state may carry this burden by pointing to evidence

---

[1] A trial court has discretion to allow withdrawal of a guilty plea within the same term of court within which sentence was pronounced. *Anderson v. State*, 253 Ga. App. 420, 421 (1) (559 SE2d 166) (2002).

[2] See *Storch v. State*, 276 Ga. App. 789, 792 (3) (625 SE2d 70) (2005).

[3] A defendant may appeal directly from a judgment of conviction and sentence entered on a guilty plea if the issue raised can be resolved by facts appearing in the record. *Aikens v. State*, 241 Ga. App. 816, 817 (527 SE2d 916) (2000).

[4] *Pike v. State*, 245 Ga. App. 518, 520 (1) (538 SE2d 172) (2000).

in the record that there was a factual basis for the plea and that the defendant understood the nature of the charges, the rights he waived, and the possible sentences he faced.[5]

(a) The record belies Arnold's claim that the state failed to show an adequate factual basis for his guilty plea. To satisfy the requirements of the law, the factual basis presented to the trial court need not meet a "reasonable doubt" standard.[6] Rather, the factual basis is adequate if it can subjectively satisfy the trial court that the defendant "knows both what he has done and that those acts constitute the crime with which he is charged."[7] That standard was met here.

Arnold was charged with interference with custody, obstructing or hindering an emergency telephone call, criminal trespass, and family violence simple battery. At the plea hearing, the court read him each count of the accusation and asked whether he understood the charges and how he wished to plead. After Arnold stated that he pled guilty, the court asked the prosecutor, "What are the facts, please . . . ?" The prosecutor explained that Arnold had an "altercation" with the mother of his child, during which he hit the mother, grabbed the child, and tried to leave. When the mother called 911, Arnold grabbed the phone from her and threw it against the wall, breaking it. Contrary to Arnold's argument, the recitation of the facts alleged in the accusation, coupled with the prosecutor's summary, "provided sufficient information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charge[s] to which [Arnold] was pleading guilty."[8]

(b) We also reject Arnold's argument that his plea was not valid because the trial court failed to inform him of the possible sentences he faced. The record must show that the defendant was made aware of the possible sentence, but that information may come from a source other than the trial court.[9] Arnold signed a plea statement, in the court's presence, that stated the maximum sentence for each charge and advised that sentences could run consecutively. Accordingly, the record shows that he was aware of the possible sentences.

(c) Finally, although Arnold argues that he denied his guilt at the plea hearing, the transcript shows otherwise. Contrary to his argument, he did not deny hitting the mother of his child; he merely claimed that the responding police officers told him that he would not be charged because he had left no bruises. And although he stated

---

[5] See *Carter v. State*, 272 Ga. App. 158, 160 (2) (611 SE2d 790) (2005); *Navarro v. State*, 247 Ga. App. 645, 645-646 (545 SE2d 53) (2001).

[6] *King v. Hawkins*, 266 Ga. 655, 656 (469 SE2d 30) (1996).

[7] Id.

[8] *Battle v. Williams*, 268 Ga. 35 (1) (485 SE2d 204) (1997) (citation omitted).

[9] See *Brown v. State*, 216 Ga. App. 312, 313-314 (1) (454 SE2d 596) (1995).

that he had not been served with a "criminal trespass warrant," he did not deny that he had committed that crime.

3. At the close of the plea hearing, the trial court verbally sentenced Arnold to serve 24 months in jail. The same day, the court issued a written order sentencing Arnold to twelve months confinement on each of the four counts, with the sentence for obstruction of an emergency telephone call to run consecutively to the sentence for interference with custody. But OCGA § 16-5-45 provides that the maximum term of imprisonment for a first offense of interference with custody is five months.[10] As Arnold was sentenced to 12 months confinement for interference with custody,[11] his sentence exceeded the applicable statutory maximum and is therefore void.[12]

Contrary to the state's contention, Arnold's failure to first file a motion to correct his sentence in the trial court does not deprive us of jurisdiction to consider the issue. A void sentence may be challenged at any time.[13] We therefore vacate the sentence entered on the interference with custody count and remand for resentencing within the statutory limits.

*Judgment affirmed. Sentence vacated in part and case remanded with direction. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MARCH 10, 2006.

*Glaze, Harris & Mack, Robert L. Mack, Jr.,* for appellant.
*Leslie Miller-Terry, Solicitor-General, Adrienne D. Nash, Assistant Solicitor-General,* for appellee.

---

[10] OCGA § 16-5-45 (b) (2) (A).

[11] The state does not argue that Arnold had ever before been convicted of interference with custody, and the criminal history information submitted by the state and considered by the court at the plea hearing did not show a prior conviction for that offense. Therefore, we assume that the first-offense provision applies to Arnold.

[12] See *Reynolds v. State,* 272 Ga. App. 91, 94 (2) (611 SE2d 750) (2005) (a sentence is void if the court imposes punishment that the law does not allow).

[13] *Baez v. State,* 257 Ga. App. 129, 130 (570 SE2d 352) (2002). *Jones v. State,* 278 Ga. 669 (604 SE2d 483) (2004), cited by the state, does not hold otherwise. *Jones* merely clarified that a defendant may directly appeal a trial court's denial of his motion to vacate a sentence that imposed punishment not allowed under the law, but direct appeal is not available when the defendant asserts "erroneous procedure or unfair treatment." Id. at 671. *Jones* did not hold that a defendant must first present a "void sentence" argument to the trial court before the argument can be considered by an appellate court that is properly entertaining a direct appeal on another issue.